**BLAKESLEY v. KIRCHER et ux.**

No. 9409.

Court of Civil Appeals of Texas. Galveston.
Feb. 28, 1930.

Rehearing Denied April 10, 1930. Dissenting Opinion April 15, 1930.

Arterbury & Coolidge and Garrison & Watson, all of Houston, for appellant.

Ewing Werlein, of Houston, for appellees.

LANE, J.

This suit was instituted by Jewel E. Kircher and wife, Lois Kircher, against W. N. Blakesley to recover damages alleged to have been suffered by them in a collision of their automobile and one driven by Blakesley, by reason of negligence on the part of Blakesley.

Plaintiffs alleged that at a point about one mile east of the town of Pasadena, Harris county, while driving at a lawful rate of speed, with the headlights of the automobile burning brightly, and while such automobile was proceeding well over on the right-hand side of the La Porte highway, an automobile driven by the defendant, W. N. Blakesley, which was proceeding in an easterly direction along and over such highway, suddenly, and without any warning of any kind to the occupants of the Kircher automobile, and unaware to them, turned to its left on the concrete pavement at a point where there was no intersection on the highway, and ran into and against the Kircher automobile, striking same on the left-hand side thereof at and near the left rear fender with such force and violence that as a natural and proximate result thereof the Kircher automobile was wrecked and practically destroyed; that, as a result of the collision, the plaintiff Jewel E. Kircher, and his wife, Lois Kircher, received severe and permanent injuries, for which they seek to recover damages against the defendant.

The acts of negligence charged against the defendant are alleged, in substance, to be:

"In then and there negligently driving said car in a careless, reckless and negligent manner, so that it ran into the Kircher automobile.

"Then and there negligently failing to keep a reasonable lookout to avoid contact with the Kircher automobile, or other cars similarly situated.

"Then and there negligently proceeding to turn to the left on said public highway at a time when the Kircher automobile was in close proximity and using the highway in accordance with the laws of the State of Texas.

"In failing to keep on the right hand side of said highway going east and particularly at a time when the Kircher automobile was close at hand.

"Negligently driving across said highway instead of waiting for the on-coming car, having the right of way to pass.

"Negligently failing to stop said car or slacken its speed after actually discovering and realizing the perilous situation then and there existing.

"Negligently operating and driving said car on the left of the center of said highway at a time when the Kircher car was closely approaching.

"By reason of the negligence above alleged, plaintiffs allege they were damaged in the sum of Thirty Thousand ($30,000.00) Dollars, consisting of the damage to their automobile and injury to Kircher and wife."

The defendant answered by general demurrer, general denial, and plea of contributory negligence on the part of the plaintiffs Kircher and wife.

The cause was submitted to the jury on special issues, and in answer to such special issues the jury found:

"That the defendant Blakesley drove his automobile on the left hand side of the road when the Kircher car was approaching in close proximity and such act was negligent and the proximate cause of plaintiffs' injuries; that defendant Blakesley was negligent in turning his car to the left on the public highway at a time when the Kircher automobile was approaching in close proximity and that such act was negligent and the proximate cause of the plaintiffs' injuries; that the defendant Blakesley had driven part of his car to the north of the center line of the highway prior to the collision and such act was negligent and the proximate cause of plaintiffs' injuries; that defendant Blakesley failed to keep on his right hand side of the highway when the Kircher automobile was in close proximity and that such act was negligent and the proximate cause of plaintiffs' injuries; that the plaintiff, Jewel E. Kircher, was not entitled to recover but that the plaintiff's wife, Mrs. Lois Kircher, was entitled to recover in the sum of Eleven Hundred Fifty ($1150.00) Dollars for personal injuries and Three Hundred Fifty ($350.00) Dollars for the reasonable value of necessary medical treatment."

On such findings the court entered judgment for the plaintiff in the sum of $1500. From such judgment the defendant has appealed.

Appellant's first contention for a reversal of the judgment is that the court erred in rendering judgment for appellees, in that such judgment is contrary to the great weight and preponderance of the evidence.

The foregoing contention relates only to the cause of the collision; that is, as to whether the negligence of appellant or the contributory negligence of appellees was the proximate cause of the collision of the two automobiles, and not to the question of injuries suffered by appellees.

We think appellant's contention should be overruled. It is shown that the collision occurred at night at a point on the La Porte highway near the town of Pasadena; that at the time of the accident appellees were driving west toward Houston, and that they were well on the right side of the black line marking the center of the highway; that they were traveling at about 30 miles per hour, a rate within the provision of the law. It is shown that appellant was driving east toward La Porte; that he lived on the north side of the highway, and to get to his home he would be required to turn north and cross the highway and pass over a small bridge spanning a deep ditch running along the side of the highway; that on the night of the collision it was very difficult to locate such bridge; that, when appellant got about where the bridge was located, he stopped or checked his car to locate the bridge; that appellant saw the headlights of appellees' car as it was approaching, and judged it to be at that time 300 to 500 feet from him; that just about that time a car going east and to his left passed him, and he lost sight of appellees' car, and, as he turned to the left to cross the highway, and had gotten the front of his car 2½ feet north of the center of the highway, the collision occurred; that appellant's car was driven against appellees' car or that part of his car which was north of the center of the highway was struck by appellees' car, which was well to the right and center of the highway.

Jewel E. Kircher testified that he was driving, at the time of the collision, between 25 and 30 miles per hour along the right-hand side of the road and the line marking the center of the same; that appellant's car ran into his car; that he did not see appellant turn his car to the left to cross the road; that he only saw cars constantly passing him to his left as it was dark and he had to watch the road ahead of him; that he did not see appellant's car until the collision occurred; that appellant's car struck his car and crushed his left rear wheel, and that the impact of the cars knocked the occupants of his car unconscious; that his car was in good

order before the collision and after the collision he found that the rear axle thereof was bent three-fourths of an inch out of line, the housing broken, and the rear wheel crushed; that he had not seen appellant's car before the collision; that appellant's car hit his car with terrific force as it turned and crossed to the wrong side of the road.

Mrs. Kircher testified their car was being driven at 25 or 30 miles an hour at the time of the accident and was north and to the right of the line marking the center of the road.

Charles Warnell, an occupant of the appellees' car, testified that just a few seconds before the collision he was looking at the speedometer of the car, and that it showed that the car was going 30 miles per hour.

W. N. Warnell, an occupant of appellees' car, testified that he was looking at the speedometer, and it showed the car was going 30 miles an hour.

Appellant Blakesley, after testifying that he saw appellees' car approaching at a distance of from 300 to 500 feet, testified that a car going east passed between him and appellees' car, and caused him to lose sight of appellees' car, and that he saw it no more until just before the collision. He testified that, after he saw appellees' car approaching, the car that passed him cut off his vision of appellees' car, and that as soon as that car passed him he attempted to go across the road ahead of appellees' car.

On page 29 of appellant's brief it is said:

"Mr. Blakesley states that after he stopped his car and just before he stopped, he saw the light of an automobile coming and he stopped to let another car pass; that as soon as this other car passed, *it obstructed his view from the approaching car and when he last saw the lights he thought he had time to get across and as he started his car his little daughter said to him, 'look out,' and he immediately stopped. That the Kircher car ran into him.*" (Italics ours.)

We think the evidence amply supports the findings of the jury that appellant was guilty of negligence as charged by appellees, that such negligence was the proximate cause of the injuries suffered by appellees, and that the negligence of the appellees nowise contributed to such injuries. Clearly such findings were not so against the weight and preponderance of the evidence as to be clearly wrong. So concluding, we overrule appellant's first contention.

In reaching the conclusions above expressed, we did not overlook appellant's contention that, since the jury found that Mr. Kircher was driving his car at a dangerous and excessive rate of speed under all the facts, and that such act was negligence, notwithstanding that they also found he was not driving at a speed of 35 miles per hour,

and that since the jury also found that Kircher failed to keep a lookout for vehicles that might be upon the highway, or attempting to cross the same ahead of him, as would a person of ordinary prudence have done under the same or similar circumstances, and that such failure was negligence, notwithstanding they found that none of such acts of negligence was the proximate cause of the collision, such finding as a whole convicted Kircher of contributory negligence as a matter of law, and therefore the court erred in not rendering judgment in favor of appellant upon his motion therefor. Such contention cannot be sustained. The jury could have very reasonably concluded, as it did, that the proximate cause of the collision was the act of appellant in turning to the left-hand side of the highway in front of Kircher's car, which he had seen approaching just before the collision occurred. The jury could have very reasonably concluded from the evidence that, had Kircher driven more slowly and kept a more alert lookout, he could not have averted the accident, as the evidence shows that his car must have been so close to the point of collision at the time appellant suddenly and unexpectedly placed a part of his car in Kircher's path as to render it impossible for him to see appellant's car or to stop his car before the collision occurred.

Mr. Blakesley himself testified that he saw the Kircher car coming when it was three to five hundred feet distant, and that another car was coming from the rear going in the same direction as the Blakesley car, and that the Blakesley car stopped to let the car in the rear pass by before he undertook to make the left-hand turn. He testified that such car, after passing him, passed between his car and the Kircher car, thereby obstructing his vision of the Kircher car. After such car passed him, without waiting for the Kircher car to pass, and necessarily knowing that, if the intervening car obstructed his vision, it must also have obstructed Mr. Kircher's vision, he took the chance of crossing the road ahead of Kircher's car, and made the left-hand turn from the rear of the intervening car right into the path of the on-coming Kircher car, and all in the darkness of night.

Blakesley knew that he was going to make a left-hand turn, and, as he stated, he had to get his landmarks in the darkness in order to find a little bridge crossing the ditch, but Kircher never knew, and could not know, that Blakesley was going to make a turn at such place. The jury realized this, and, while they nominally convicted Kircher of negligence, they fully realized such negligence was not and could not be the proximate cause of the collision.

It must have been evident to the jury's mind, as it is to the writer's, that the driver doing the unexpected and unusual thing,

making a left-hand turn in the darkness of night at a place where there was no cross-road, should have prevented the possibility of such a collision by waiting until normal traffic had cleared to an extent to permit such unusual and unexpected turn.

The jury could have reasonably concluded that, regardless of the speed and manner in which Mr. Kircher was driving, nothing he could have done could have averted the collision, because of the suddenness and unexpectedness with which the Blakesley car turned to the left and proceeded across the center line of the highway. Therefore the negligence of Mr. Kircher was not, and could not be, the proximate cause of the injury, and the jury were not only well warranted in finding that such negligence was not the proximate cause thereof, but any finding to the contrary would have been unsupported by the evidence.

 Negligence on the part of appellees will not prevent a recovery by them, unless it be shown that such negligence proximately contributed to or caused the injury. Contributory negligence is conduct for which a plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and co-operating with actionable negligence for which a defendant is responsible, contribute to the injury complained of as a proximate cause. 45 Corpus Juris, 901, 943; Jones v. Gibson (Tex. Civ. App.) 18 S.W.(2d) 744, 745; Union Stock Yards v. Peeler (Tex. Civ. App.) 21 S.W.(2d) 1076.

██ In order for the court to hold as a matter of law that an act of negligence was the proximate cause of a certain injury, the facts must be so clear that reasonable minds could not differ as to whether the injury would have occurred without such negligence. We think the facts in the present case fall far short of being such as would charge appellees with negligence contributory to the injury, as a matter of law.

██ Appellant assigns as error the refusal of the court to submit to the jury his requested issues as follows:

"1. Did the defendant, at and just prior to the time of the accident, stop his automobile for the purpose of permitting another car to pass?

"2. At the time of the collision, was the defendant attempting to cross the street while driving his car at a high and excessive rate of speed?

"3. Was the defendant's car standing still at the time of the collision?

"4. Did the car that the plaintiff was driving strike the car of the defendant?

"5. Was there sufficient room between the place where plaintiff's car was and the north side of the street for the plaintiff to pass the car of defendant?"

There was no error in such refusal. We agree with appellee that an answer to any one or all of them one way or the other would not have thrown any light upon the material issues of the case as made by the evidence: First, it was immaterial as to whether appellant did or did not stop his car to permit another car to pass, but, if it was a material inquiry, the court should have so found without submitting it to the jury, as the evidence that he did stop his car for such purpose was undisputed. Second, the material question was as to whether appellant negligently, suddenly, and unexpectedly placed his car on the wrong side of the road in front of and in the path of appellees' car just as it approached the point of collision, and it was immaterial as to whether he did so at a high rate of speed or a low rate of speed. The undisputed evidence shows that at the time of the collision appellant was attempting to cross the road. Third, whether appellant's car was standing still or moving at the time of the collision was, we think, an immaterial inquiry. Fourth, the fourth special issue was answered by the jury in answer to special issue No. 4 submitted by the court. Fifth, for the reasons above suggested, it was not a material issue whether there was room to the northward beyond the path of appellees' car for such car to pass.

The court submitted to the jury the following special issues:

"Special Issue No. 1: Did the defendant Blakesley drive his automobile on the left hand side of the road when the Kircher car was approaching in close proximity?

"Special Issue No. 12: Had the defendant driven any part of his car to the north of the center line of the highway prior to the collision?

"Special Issue No. 15: Did the defendant fail to keep on his right hand side of the highway when the Kircher automobile was in close proximity to him?"

██ Appellant assigns the giving of more than one of such issues as error, as an answer to either would be an answer to the others, and therefore the court, by submitting all of them, gave undue emphasis to one issue, to appellant's damage.

We overrule the complaint. The issues complained of as being unduly emphasized are distinguishable. The first of these issues inquired whether the defendant, Blakesley, drove his automobile on the left-hand side of the road when the Kircher car was approaching in close proximity. The jury were also asked whether the defendant had driven any part of his car to the north of the center line of the highway prior to the collision.

Having reached the conclusions above expressed, it becomes our duty to affirm the

judgment, and it is accordingly so ordered; Chief Justice PLEASANTS dissenting.

Affirmed.

PLEASANTS, C. J.

I respectfully dissent from the conclusion of the majority upholding the finding of the jury that the found negligence of the plaintiff was not a proximate or contributory cause of the injury for which damages were awarded by the verdict and judgment. The undisputed evidence, together with the findings of the jury, established these facts:

Appellant at the time of the collision was proceeding slowly and cautiously to turn across the public highway from its south to its north side to enter his premises situated on the north side of the highway. As he started to make the turn across the center line of the highway, he was compelled to stop his car to permit an automobile approaching from his rear and going east on the highway to pass. Before making this stop, he had seen the lights of appellee's automobile approaching from the east along the north side of the highway. After the automobile coming from his rear passed him it momentarily obscured the lights on the appellee's car. In this situation, appellant again put his car in motion, and, when it had moved not more than 2½ feet across the center line of the highway, appellee ran his car violently against appellant's car, injuring both cars and causing serious personal injuries to appellee and his wife. There were fourteen or fifteen feet of roadway on the north side of the highway between appellant's car, when it was struck by appellee's car, and the north edge of the roadway. The jury found that the appellant was negligent in driving his car across the center line of the roadway at a time when the appellee's car was in close proximity, and that such negligence was the proximate cause of the injuries to plaintiffs; that appellant did not drive his car against the left side of appellee's car, and did not fail to keep a proper lookout for cars approaching from the east on the highway at the time he drove his car across the center line of the roadway. The jury also found that appellee Jewel E. Kircher "at and immediately prior to the time of the accident" was negligently driving his car at a dangerous and excessive rate of speed, and negligently "failed to keep a proper lookout for vehicles that might be lawfully upon or attempting to cross the highway ahead of him."

If these undisputed facts and the findings of the jury do not make a case of contributory negligence as a matter of law, then no such case can be made.

The findings of the jury that appellee was negligent in the respects before stated are amply sustained by the evidence, and appellees make no complaint of these findings. Their claim that the judgment should be affirmed is based upon the general proposition that the question of proximate cause is a question of fact for the jury, and that the evidence in this case sustains the finding of the jury that appellee's negligence was not the proximate cause of their injury.

It is unnecessary, and may be wholly unprofitable, to speculate on the ratiocination of the jury in reaching the fact conclusion that the negligence of the appellees was not the proximate cause of their injury, but it seems likely to me that they misunderstood or misapplied the charge of the court. As a matter of fact, it could not be accurately found that the negligence of each was "the" proximate cause of appellee's injuries. It was the negligence of one or of both of the parties, and, if the negligence of the appellees directly contributed to the accident, it was "a," and not "the," proximate cause.

The charge did not define contributory negligence, and the jury probably concluded that it was for them to say whose negligence was most responsible for the accident, and proceeded in good faith to apply the rule of comparative negligence.

But, be that as it may, to uphold a verdict and judgment on these facts and findings, because the jury found that appellees' negligence was not the proximate cause of their injury, is in effect to abrogate the rule that in cases of this kind a plaintiff cannot recover for injuries which his own negligence directly contributed to cause. The integrity of this rule should not be left to either the arbitrary discretion or the misconceptions of a jury.

In my opinion, the judgment of the court below should be reversed, and judgment here rendered for appellant.