**BLAKESLEY v. KIRCHER et ux.**

No. 1277—5733.

Commission of Appeals of Texas, Section B.
July 22, 1931.

John T. Garrison and Arterbury & Coolidge, all of Houston, for plaintiff in error.

Ewing Werlein, of Houston, for defendants in error.

SHORT, P. J.

Jewel E. Kircher, his wife, and five other people, were riding in a large Cadillac car on a highway between Galveston and Houston, about 8:30 p. m. on the 21st day of February, 1929, going in a westerly direction, when their car collided with a car belonging to W. N. Blakesley, resulting in damages to

both cars, and in physical injuries to Mrs. Kircher.

The defendants in error brought this suit, alleging certain acts of negligence on the part of the plaintiff in error, as the proximate cause of the damage done and injuries inflicted. There was a trial to a jury, who answered certain special issues, and the judgment based thereon was rendered in favor of the defendants in error for $1,500, $1,150 of which were given for injuries received by Mrs. Kircher, and $350 for medical fees. There were no damages allowed for damage to the car, though the testimony shows that it was materially damaged. It appears that the plaintiff in error had been to church with his family, and, was traveling this highway, in an easterly direction, just prior to the collision, and had reached the point on the highway nearly opposite a small bridge which spanned a ditch connecting the highway with his premises. This highway had been recently constructed, and in the nighttime it appeared that the plaintiff in error had some difficulty in locating the bridge, and was looking for it, intending to turn to the left, and cross the bridge to cross and go upon his premises, which were located north of the highway. About the time he was proposing to make this turn, a car, traveling in the same direction, passed him to the left. Just before this car passed, the plaintiff in error saw a car from three to five hundred yards away, traveling on the right side of the highway, coming towards him; but the car passing the plaintiff in error prevented him seeing, for a time thereafter, the on-coming car. The plaintiff in error was in the act of turning his car to the left, with a view of crossing the bridge, when the on-coming car came in contact with his. The left hind wheel of the car of the defendants in error apparently came in contact with the left front wheel of the plaintiff in error's car. The defendant in error's car traveled, after the collision, 147 feet, and when it came to a standstill, it had reversed its position, and the left wheels of the car were in the ditch. The collision does not seem to have moved, to any appreciable extent, the car of the plaintiff in error. However, it was found after the collision that the left front wheel of plaintiff in error's car was over the line in the middle of the street, not exceeding 2½ feet to the north.

It was the theory of the defendants in error that the plaintiff in error's car was moving rapidly across the street, and that it came in contact with the defendants in error's car by suddenly darting out of the darkness to the north, and that no amount of caution on the part of the defendants in error could have avoided the collision under the circumstances, since there was nothing at that point, where the collision occurred, to arrest the attention of the driver of the Cadillac car, and since it was on the right side of the road and had the right of way.

It was the theory of the plaintiff in error that his car did not strike that of the defendants in error's, by reason of it having been in motion and across the line, but that the Cadillac car struck his car, by reason of the negligence of the driver of the Cadillac car, in driving at a negligent rate of speed, and the failure of the driver to keep a proper lookout.

The jury found that the driver of the Cadillac car was driving at an excessive rate of speed and had failed to keep a lookout, but also found that neither of these acts of negligence was a proximate cause of the collision. The driver of the Cadillac car testified that he did not see the car of the plaintiff in error until the collision, but he also testified that at the speed he was driving, he could have stopped the car within 20 feet.

There were many acts of negligence alleged by the defendants in error, but the jury only found that the plaintiff in error was guilty of driving his car on the left-hand side of the road when the Kircher car was approaching in close proximity, and was negligent in turning his car to the left on the public highway at a time when the Kircher car was in close proximity, and that the plaintiff in error had driven part of his car to the north of the center of the highway, prior to the collision, and that he failed to keep on his right-hand side of the highway when the Kircher car was in close proximity. From the judgment entered the plaintiff in error prosecuted an appeal to the Court of Civil Appeals at Galveston, where two opinions were rendered; the majority opinion affirming the judgment of the district court, while the dissenting opinion, written by Judge Pleasants, holds that the judgment should be reversed and rendered in favor of the plaintiff in error. 26 S.W.(2d) 1091.

In view of the disposition we have concluded to make of this case, and of the fact that we have reached the conclusion that the testimony justified the findings of fact by Judge Pleasants in his dissenting opinion, and to avoid extending this opinion to an unusual length, by quoting from the testimony of the witnesses, we adopt as correct the findings of fact by Judge Pleasants. The findings are as follows: "Appellant at the time of the collision was proceeding slowly and cautiously to turn across the public highway from its south to its north side to enter his premises situated on the north side of the highway. As he started to make the turn across the center line of the highway, he was compelled to stop his car to permit an automobile approaching from his rear and going east on the highway to pass. Before making this stop, he had seen the lights of appellee's automobile approaching from the east along the

north side of the highway. After the automobile coming from his rear passed him it momentarily obscured the lights on the appellee's car. In this situation, appellant again put his car in motion, and, when it had moved not more than 2½ feet across the center line of the highway, appellee ran his car violently against appellant's car, injuring both cars and causing serious personal injuries to appellee and his wife. There were fourteen or fifteen feet of roadway on the north side of the highway between appellant's car, when it was struck by appellee's car, and the north edge of the roadway. The jury found that the appellant was negligent in driving his car across the center line of the roadway at a time when the appellee's car was in close proximity, and that such negligence was the proximate cause of the injuries to plaintiffs; that appellant did not drive his car against the left side of appellee's car, and did not fail to keep a proper lookout for cars approaching from the east on the highway at the time he drove his car across the center line of the roadway. The jury also found that appellee Jewel E. Kircher 'at and immediately prior to the time of the accident' was negligently driving his car at a dangerous and excessive rate of speed, and negligently 'failed to keep a proper lookout for vehicles that might be lawfully upon or attempting to cross the highway ahead of him.' "

■ It is, of course, correct to say that in cases of this character the "proximate cause" is always a fact to be ascertained by a jury, but it is equally true that there may be more than one "proximate cause" of injuries inflicted or damage done. In this case, the jury found the plaintiff in error to have been guilty of four negligent acts, each of which constituted the "proximate cause" of the injuries inflicted and the damages done, as above related. But as Judge Pleasants says, in his dissenting opinion, in speaking of this matter: "As a matter of fact, it could not be accurately found that the negligence of each was 'the' proximate cause of appellee's injuries. It was the negligence of one or of both of the parties, and, if the negligence of the appellees directly contributed to the accident, it was 'a,' and not 'the,' proximate cause. The charge did not define contributory negligence, and the jury probably concluded that it was for them to say whose negligence was most responsible for the accident, and proceeded in good faith to apply the rule of comparative negligence." It may be that the jury were justified in concluding that the negligence of the plaintiff in error contributed more to the injuries inflicted and the damage done than did the negligence of the defendants in error, but the rule of comparative negligence in this state does not prevail. The rule does prevail that in cases of this kind a plaintiff cannot recover for injuries which his own negligence directly contributed to the cause. Since the jury were not required, under the charge of the court, to pass directly upon the pertinent question whether the defendants in error were guilty of contributory negligence, and since contributory negligence is a fact to be found by the jury, just as proximate cause is a fact to be so found, where the issue is presented by conflicting testimony, we are of the opinion the conclusion reached by Judge Pleasants, that under the facts found by him to be undisputed, and those found by the jury, the judgment of the Court of Civil Appeals below should be reversed, and judgment rendered in favor of the plaintiff in error is correct.

The majority opinion correctly says: "Negligence on the part of appellees will not prevent a recovery by them, unless it be shown that such negligence proximately contributed to or caused the injury. Contributory negligence is conduct for which a plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and co-operating with actionable negligence for which a defendant is responsible, contribute to the injury complained of as a proximate cause." (Italics ours.) 45 Corpus Juris, 901, 943; Jones v. Gibson (Tex. Civ. App.) 18 S.W.(2d) 744, 745; Union Stock Yards v. Peeler (Tex. Civ. App.) 21 S.W.(2d) 1076.

■ After stating the facts, which he finds to be undisputed, and which we also find to be so undisputed, and giving due consideration to the facts found by the jury, to have constituted negligence on the part of the plaintiff in error, Judge Pleasants says: "If these undisputed facts, and the findings of the jury did not make a case of contributory negligence, as a matter of law, then no such case can be made." In opposition to this declaration on the part of Judge Pleasants, the majority opinion says: "In order for the court to hold as a matter of law that an act of negligence was the proximate cause of a certain injury, the facts must be so clear that reasonable minds could not differ as to whether the injury would have occurred without such negligence. We think the facts in the present case fall far short of being such as would charge appellees with negligence contributory to the injury, as a matter of law." These two excerpts, one from the minority and one the opinion of the Court of Civil Appeals, present the different conclusions reached with reference to the legal liability of the defendants in error, as referring to the question of contributory negligence. With the facts found by the jury, and those which are undisputed in the record, bearing upon this question, it becomes a question of law to be determined by the court, whether the defendants were guilty of contributory negligence. Accepting as true the findings of fact

by the jury with reference to the negligence of the plaintiff in error, we must assume that he was guilty of negligence in the particulars stated. However, since the findings of fact, by the jury, together with the undisputed facts shown by the record to have been established, clearly establish the proposition that the defendants in error were guilty of contributory negligence, in bringing about the collision and the consequent injuries, some of which undisputed facts are stated by Judge Pleasants, but not all of them, which clearly establish the fact that the defendants in error were guilty of contributory negligence, it necessarily follows, from the settled law on this subject, that the plaintiff in error is not liable in damages to the defendants in error. To state the question in another form, freedom from contributory negligence is shown by proof of such care as an ordinarily prudent person would have exercised, under the particular circumstances surrounding defendants in error at the time of the accident. Here the jury finds, expressly, that the defendants in error did not exercise the care of an ordinarily prudent person, under the particular circumstances surrounding them at the time of the accident, in that the Cadillac car was driven at a greater rate of speed than it should have been driven, and also that immediately preceding the collision, the defendants in error were not exercising the care such as an ordinarily prudent person would have exercised under the particular circumstances surrounding them at the time of the accident, in failing to keep the proper lookout. These findings of fact, by the jury, are not challenged. When all the circumstances surrounding the parties at the time are given due consideration, such as the fact that it was dark; that there were many pedestrians walking along the highway at that point; that the lights of the car, driven by the plaintiff in error, necessarily could have been seen by the defendants in error had they been keeping a proper lookout, and been traveling at a proper speed; the condition of the roadway at that point being such as to have enabled the defendants in error to have passed the car of the plaintiff in error without colliding with it, by merely turning slightly to the right of the defendants in error—we see no escape from the conclusion that the situation presents one where the defendants in error were guilty of contributory negligence as a matter of law. It is no answer to this proposition that ordinarily one is not required to look for danger when he has no cause to anticipate it, and when it does not exist, except on account of the negligence of another, when the findings of fact by the jury, and the undisputed facts, clearly establish contributory negligence on the part of the defendants in error. It is true that there was nothing at this point to arrest the attention of the defendants in error, or to justify them to anticipate that the plaintiff in error would

be guilty of the acts of negligence of which the jury found he was guilty. We give full weight to these facts found by the jury against the plaintiff in error, and in passing upon this question, we only consider whether, under all the facts and circumstances existing at the time, the collision would have been averted had the defendants in error been traveling at a proper rate of speed, and been keeping the proper lookout. Had it been impossible for the defendants in error, at the point where the collision occurred, to have turned to the right, without running into another obstruction, or without going into the ditch, then it would follow that the rate of speed and the failure to keep a lookout would not have contributed to the injuries inflicted by the accident.

It is, of course, correct to say that in cases of this character, the proximate cause is a fact to be ascertained by a jury where the testimony is conflicting, but it is equally true that there may be more than one proximate cause of injuries inflicted, or damage done, and where the testimony is undisputed, or, if disputed, the facts, as found by the jury in this case, establish, as a matter of law, that a proximate cause of the injuries inflicted, and the damage done, was the negligence of the defendant, it logically follows, under the law, that such a defendant is guilty of contributory negligence, by reason of the fact that one of the proximate causes was such negligence of such defendant. We cannot escape the conclusion reached by Judge Pleasants, especially in view of the physical facts established, without dispute, found to have existed on the pavement near the scene of the collision, the condition of the tire of the left wheel of the Cadillac car, the position of the two cars with respect to the point of collision, when taken in connection with the facts found by the jury, convicting the defendants in error of negligence, and other undisputed facts establish, beyond any reasonable doubt, that this collision would not have occurred had the driver of the Cadillac car been exercising the care of an ordinarily prudent person in driving the car and in keeping a lookout. In other words, it is our opinion that this testimony establishes a matter of law that the defendants were guilty of contributory negligence and therefore are not entitled to recover.

The record in this case is very voluminous, and the briefs of the parties extensively discuss the facts, and quote from many decisions, besides citing others. We find no fault with the authorities discussed, as doubtless each of them is correct when applied to the facts of the particular case. The point where the parties disagree in their respective briefs rests upon the application of the principles of law to the testimony, and we therefore do not think any amount of space which we might use in quoting from the testimony

would be of any benefit in the light of what we have said, nor do we think that it is necessary to discuss the several assignments of error presented by the plaintiff in error.

Agreeing with the dissenting opinion as to the law of the case on the point discussed, and disagreeing with the conclusion reached by the majority opinion, under the undisputed facts and those found by the jury, we recommend that the judgment of the Court of Civil Appeals affirming that of the district court be reversed, and that the cause be remanded to the district court for another trial.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.