## PARKER et al. v. BOYD et al.
### No. 10131.

Court of Civil Appeals of Texas. Galveston.
March 14, 1934.

Rehearing Denied April 5, 1934.

Irving G. Mulitz and King C. Haynie, both of Houston, for relators.

Royston & Rayzor and John R. Brown, both of Houston, for respondents.

PLEASANTS, Chief Justice.

This is an original application for mandamus filed by the relators with leave of the court, against Honorable Ewing Boyd, judge of the district court for the Fifty-Fifth judicial district to compel the respondent judge to set aside an order made and entered in the minutes of his court on January 13, 1934, in the case of Arch Parker and J. A. Rush v. Bridgeport Machine Company, setting aside a former order made in said cause on December 30, 1933, declaring a mistrial in the cause, and refusing a motion for new trial filed by relators in the cause which was presented and heard by the court on January 13, 1934. The application asked that the mandamus further order the respondent judge to proceed to trial and judgment in the cause in accordance with the order of December 30, 1933. The Bridgeport Company is a party to these proceedings.

The ground upon which the application is based is that the order of January 13, 1934, is void because the court was without jurisdiction, at a subsequent term of the court to that in which the order declaring a mistrial of the cause was made and entered, to set such order aside.

Respondent Bridgeport Company, in a verified answer to the application, presents the following facts which are not controverted by relators: Judgment in the case was entered on December 2, 1933, in the district court for the Fifty-Fifth judicial district, of which the respondent Boyd is the judge. Prior to this time a motion for new trial had been filed on behalf of the plaintiffs and at the time judgment for the defendant was entered on December 2, 1933, it was stated in open court and agreeable to the court that the final judgment for the defendant be entered without prejudice to the presentation of the motion and amended motion for new trial theretofore filed by the plaintiffs; such motion to be disposed of at a time convenient to counsel, as well as the court.

The motion and amended motion for new trial was by agreement of the attorneys for the respective parties and by consent of the court passed to be heard at the January term of court and set for hearing on January 6, 1934. Acting in reliance upon this agreement and the understanding with the court, the attorney for defendant Bridgeport Company who represented said respondent on the trial of the case, and who swears to these facts, left the state to spend the Christmas holidays at his old home in Nebraska.

There is no record of any motion filed by attorneys for plaintiff, other than the original and amended motions for new trial filed prior to the entry of the judgment and which by agreement of the parties had been set for hearing on January 6, 1934. No notice was given the absent attorney, or any member of his firm, two of whom remained in their Houston office during the month of December, that a motion to set aside the verdict and declare a mistrial would be presented to the court prior to the agreed time set for the hearing of the original and amended motion for new trial, and the attorneys for the Bridgeport Company knew nothing of the order of December 30th, until January 3d after the return of the absent attorney on January 2, 1934. On January 3d the at-

torney for plaintiffs, relators, informed attorney for respondent by letter that the court had declared a mistrial, and thereafter on January 4th or 5th, on request of respondent's attorney, furnished him with a copy of the memorandum submitted to the court when the order of December 30, 1933, was made and entered. Upon receipt of this memorandum respondents' attorney, on January 6, 1934, filed with the trial court a motion to set aside the order of December 30, 1933, with request that said motion be set for hearing on January 13, 1934, and gave relators' attorney due notice of the filing of such motion. After the filing of the motion by respondents' attorney and the giving of notice thereof to relators' attorney, said attorney agreed to a hearing of the motion on January 13, 1934, and assured respondents' attorney that no advantage would be taken of the entry of the order declaring a mistrial at the former term of the court on December 30, 1933, and that a full hearing would be afforded respondents' attorney for presentation of respondents' defense to such order. Upon the hearing on January 13, 1934, the trial court entered the following order:

"On this 13th day of January, A. D. 1934, came on to be heard in due and regular course plaintiff's amended motion for new trial, the order of the Court declaring a mistrial, and defendant's motion to set aside the order declaring a mistrial, and the parties having appeared by and through their respective attorneys of record, and having presented to the court plaintiff's amended motion for new trial, the order of the Court declaring a mistrial and defendant's motion to set aside the order declaring a mistrial, and the Court having considered each of said matters, the argument of counsel thereon, and the law applicable thereto, and being of the opinion that the law is with the defendant, and that the plaintiff's amended motion for a new trial should be overruled, the order of the Court declaring a mistrial should be set aside, and the motion of the defendant to set aside the order of the Court declaring a mistrial should be granted and allowed, it is therefore ordered, adjudged and decreed by the Court that

"(1) Plaintiff's amended motion for new trial be, and the same hereby is, overruled and denied.

"(2) The order of the Court declaring a mistrial be, and the same hereby is, in all things set aside and held for naught.

"(3) The defendant's motion to set aside the order of the Court declaring a mistrial

be, and the same hereby is in all things sustained and allowed.

"(4) Judgment for the defendant having been heretofore entered for the defendant on motion, confirmatory thereof, judgment for the defendant shall be, and the same hereby is deemed entered for the defendant."

■■ The facts shown by the sworn answer of respondent not being controverted here, we can assume that these facts were before the trial judge when he made and entered the order of January 13, 1934, and upon such facts there is no question of the jurisdiction of the trial court to pass upon the motion for new trial at the January term of the court which next succeeded the term at which the judgment was rendered and entered. The facts before stated show that the motion for new trial by agreement of the attorneys for the respective parties and with the approval of the trial court had been passed and set for trial on January 6th of the term next succeeding the December term at which the judgment was entered. Just how the trial court was induced to enter the order of December 30th, setting aside the verdict of the jury and declaring a mistrial in the case, is not shown, but when what we must assume to be the true facts were presented to him he could not have properly done otherwise than have protected respondent Bridgeport Company against an improvident order made without notice to said respondent, and in utter disregard of the agreement of plaintiff's and defendant's attorneys that the motion for rehearing should be carried over to the succeeding term of the court.

It certainly cannot be held upon the state of the record that the order of January 13, 1934, was void for lack of jurisdiction of the court to act on the several motions presented to it at that time. The authority of the court on the facts before stated to set the motion for new trial for hearing on January 6th of the term next succeeding the December term at which the judgment was rendered, cannot be doubted (subdivision 28, art. 2092, R. S. 1925, as amended by Acts 1930, 5th Called Sess., c. 70, § 1 [Vernon's Ann. Civ. St. art. 2092, subd. 28]), and the order of December 30th obtained by relator under the circumstances shown in respondents' answer did not defeat the jurisdiction of the court to pass upon the motions and make the orders necessary to give effect to its judgment on the motion.

The application is refused.

Refused.