### PARKER et al. v. BRIDGEPORT MACH. CO. *

No. 10169.

Court of Civil Appeals of Texas. Galveston.

Feb. 20, 1936.

Mulitz & Mulitz, of Houston, for plaintiffs in error.

Royston & Rayzor, of Galveston, for defendant in error.

PLEASANTS, Chief Justice.

Each of the above-named plaintiffs brought a suit against defendant to recover damages for injury sustained in an automobile collision alleged to have been caused by the negligence of the defendant. The petition of the plaintiff Parker alleged in substance:

"That on or about February 9, 1933, he was driving a Buick automobile in a northerly direction on the Humble Company road near Conroe, Montgomery County, Texas, at a reasonable rate of speed; that one John Weston, one of the defendant in error's agents and employees, while acting in the scope of his authority, was driving in an easterly direction upon the Texas Company road near Conroe, Montgomery

*Motion for rehearing filed May 5, 1936 by permission of court.

County, Texas; that when the car that plaintiff in error was driving was about three-fourths across the road, defendant in error's agent and employee, John Weston, was driving negligently at a fast rate of speed and was not using ordinary and proper care, struck the car that plaintiff in error was driving at the left rear end and threw the said car over, and demolished said car and injured plaintiff in error; that the collision and wreck and the consequent injuries to plaintiff in error were caused by the negligence, recklessness and heedlessness of defendant in error, its agent, servant and employee and its wilful disregard of the safety of this plaintiff in error's rights in the following particulars: [Here follows allegations of the numerous grounds of negligence upon which the cause of action is based.] "

These grounds of negligence will be hereinafter shown as far as is necessary for a decision of the questions presented by the record.

The plaintiff Rush sued as the owner to recover damages from the defendant for injury to his car, driven by Parker, upon similar allegations of negligence as those contained in Parker's petition. The two suits were consolidated in the court below and tried together.

The defendant, Bridgeport Machine Company, answered by general denial, special plea of contributory negligence of defendant Parker, and plea of unavoidable accident.

The cause was tried with a jury, and, upon return of the verdict in response to the special issues submitted, the court rendered judgment in favor of the defendant.

In response to special issues submitted by the court, the jury found: That the car of the defendant company was not at the time of the collision being driven by defendant's agent, Weston, at an excessive and improper rate of speed; that Weston, the driver of defendant's car, did not fail to keep a proper lookout for automobiles using, or about to use, the intersection of the highway; that the brakes on the automobile driven by Weston were frozen on the occasion of the collision, but that Weston was not, under the circumstances, negligent in operating the car in that condition; that Weston did not on the occasion in question fail to keep the automobile driven by him under proper control; that Weston did not fail to slacken the speed of his automobile when seeing the plaintiff crossing the intersection.

The jury further found that the plaintiff Arch Parker, on the occasion of the collision, was operating his automobile at an excessive and improper rate of speed, but that such operation of the automobile was not negligence nor contributory negligence; that the failure of Parker to slacken the speed of his automobile while approaching and before entering the highway intersection was not negligence nor contributory negligence; that the failure of Parker to sound a warning on approaching and immediately before entering the intersection was negligence, and was a proximate cause of the collision, but was not contributory negligence; that Parker was not on the occasion of the collision driving his car in such way as not to have it under reasonable, proper, and secure control.

The jury further found that the collision was unavoidable, that the sum of $200 will fairly and adequately compensate plaintiff Arch Parker for the injuries received by him as a result of the collision, and that $375 would fairly compensate plaintiff Rush for the damages caused his automobile.

By their assignments of error from 1 to 7, inclusive, and the propositions submitted thereunder, plaintiffs in error complain of the findings of the jury above set out acquitting John Weston of any negligence in the operation of the car driven by him as defendant's agent at the time and place of the collision in which the injury and damage to plaintiffs were caused. These findings are assailed on the ground that each of them is contrary to the weight of the evidence and is not supported by the evidence.

Such assignments do not present any error that requires consideration by our appellate courts. Our appellate courts are not required to investigate the record to determine whether or not the evidence supports the verdict unless the appellant by his assignments and propositions attacks the verdict on the ground that there is no evidence to support it, or that it is so against the great weight and preponderance of the evidence as to be clearly wrong, and due to prejudice, partiality, or some other improper motive. We have, however, read the evidence on those findings of the jury, and our conclusion is that it presents nothing more than the usual

conflict in the testimony of witnesses in cases of this character, which was for the exclusive determination of the jury. This conclusion wholly destroys the force of appellants' eighth assignment, which complains of the refusal of the court to sustain plaintiffs' contention that findings 22, 23, and 27½ are so conflicting that the court should have granted the motion for rehearing. The findings of the jury here referred to are those upon the issues of contributory negligence of plaintiff Parker and the issue of unavoidable accident.

The evidence being sufficient to sustain the findings of the jury that defendant in error was not negligent in any of the particulars alleged in plaintiffs' petition, and there being no assignment or proposition complaining of the findings upon these issues as inconsistent· with the finding that the collision was unavoidable, it is unnecessary for us to determine whether there was such inconsistency. Allen v. Texas & N. O. R. Co. (Tex.Civ. App.) 70 S.W.(2d) 758, 759; Millers' Indemnity Underwriters v. Schrieber (Tex. Civ.App.) 240 S.W. 963, 968.

In the last-cited case, in which a writ of error was denied by our Supreme Court, the opinion states the rule as follows: "It is not true in all cases of conflicting answers by a jury that a valid judgment may not be entered upon the verdict as a whole, but the conflict or contradiction in the answers must be with reference to material and controlling issues in the case, and, if the answers as a whole be such as to leave without contradiction all necessary material and controlling issues found by the jury in favor of one of the parties litigant, judgment may properly be entered upon the verdict, notwithstanding conflicts or contradictions as to issues not controlling, or immaterial."

This holding is so manifestly sound that none of the many authorities cited in its support in that opinion and in the brief of defendant in error need be here cited.

If, however, we could consider the brief of plaintiffs in error as presenting the question of inconsistency between the findings that the defendant was not negligent on any of the grounds alleged in the plaintiffs' petitions, we could not hold from the evidence in this record that there was inconsistency in such findings and the finding that the collision was the result of an unavoidable accident. On this question we agree with the statement in the brief of defendant in error that, notwithstanding the fact that in the stress of weather which overtook the driver of defendant's car as he travelled along the roadway and shortly before he reached the place of the collision the brakes on his car became frozen or partially frozen so as to prevent his stopping his car quickly, the jury was justified in finding that he was not negligent under all of the circumstances disclosed by the record in proceeding across the intersection with his brakes in this condition, and that under the evidence as a whole the condition of the brakes on defendant's car was not the proximate cause of the collision. It seems to us that, if the judgment had been in favor of plaintiffs, the defendants would have been entitled to a new trial on the ground of inconsistencies in the findings of the jury on the issues of contributory negligence of plaintiffs. This conclusion illustrates and emphasizes our view of the·law applicable to the facts of this case. Blakesley v. Kircher (Tex.Com.App.) 41 S.W.(2d) 53, 55.

The only remaining question presented for our consideration is plaintiffs in error's contention that the trial court, having, prior to the adjournment of the term of the court at which the judgment was rendered, granted their request to set aside the verdict or declare a mistrial on the ground of inconsistency in the findings of the jury, was without power or jurisdiction at the succeeding term of the court to consider the motion for rehearing filed by plaintiffs in error and which had, by agreement of the parties and by an order of the court duly made and entered, been passed to a fixed date of the next term of the court.

This question is foreclosed by a judgment and opinion of this court in a mandamus proceeding brought by the plaintiffs in error against the judge of the court below to require him to set aside an order made on February 13, 1935, setting aside his order made at the preceding term of the court declaring a mistrial of the case, and to refuse to pass upon the motion for rehearing. The judgment of this court sustaining the action of the trial court in setting aside the order of the previous term, on the ground that it had been improvidently entered by the court without any notice to counsel for defendant in error and in violation of the agreement of the parties to pass the hearing of the motion to the next term, was not appealed

from by plaintiffs in error. There being no change in the state of the record now before us from that presented on the mandamus proceeding, the questions determined in that suit are res adjudicata. Our opinion in the mandamus suit is found in Parker v. Boyd, 70 S.W.(2d) 1022.

We think the judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.