## CROSS v. WICHITA FALLS & S. R. CO.

No. 14090.

Court of Civil Appeals of Texas.
Fort Worth.
May 10, 1940.

Jimmie Cunningham and Tom M. Miller, both of Graham, for appellant.

Fred T. Arnold, of Graham, G. C. McDermett, of Wichita Falls, and John B. King, of Dallas (Bullington, Humphrey & Humphrey, of Wichita Falls, of counsel), for appellee.

SPEER, Justice.

This is an appeal by plaintiff, M. S. Cross, from a directed verdict in favor of defendant, Wichita Falls & Southern Railroad Company, tried in the District Court of Young County, Texas.

Plaintiff was injured in Archer City when he drove his automobile along a public street and highway at about 10 o'clock on a dark, misty night in April in 1938, and collided with an oil tank car standing on the intersection of the highway and railway track. The defendant was charged with negligence in several respects, claimed to have proximately caused the injury. Defendant's acts, constituting the alleged negligence, are said to be, (a) leaving a train across the highway for more than five minutes, (b) that an oil tank car stood across the highway, blocking traffic, and no light or other signal was placed on it to warn the public of its presence, and (c) failure to ring the bell or sound the whistle of the locomotive to give a signal of the presence of the train across the highway. Defendant plead general denial and contributory negligence in many ways, including inadequate brakes and lights on the automobile and plaintiff's failure to keep a lookout for his own safety.

It seems to be conceded that the court gave the summary instruction for defendant upon the theory that as a matter of law plaintiff was guilty of negligence proximately causing the accident. It will therefore be unnecessary to discuss at length the alleged negligent acts of defendant. It is well settled that a party cannot recover for an injury sustained, if the act complained of was proximately contributed to by the negligent act of the injured party. 30 Tex.Jur. § 88, p. 754.

It may be said that as a general rule, whether or not certain acts constitute negligence and proximate cause present jury issues, for, after all is said, one's conduct in such cases is to be measured by what a reasonably prudent person would have done under like or similar circumstances. It is equally well settled by our courts that if the facts are such that reasonable minds can reach but one conclusion, no jury question is raised. Stated another way, when there exists such a state of facts that reasonable minds, when considering them in the light of all the circumstances, can reach different conclusions, then whether there is negligence, either direct or contributory, is a question for the jury. St. Louis B. & M. R. Co. v. Brack et al., Tex. Civ.App., 102 S.W.2d 261.

In the case at bar, a directed verdict was returned and the controlling question in this appeal is, Did the trial court commit error in taking the case from the jury? We have carefully studied every phase of the evidence brought forward in the narrative statement of facts, and to construe it in its most favorable light to plaintiff's contention, we believe no reversible error is shown.

On the night of April 7, 1938, plaintiff and a friend were desirous of going to the latter's home in Archer City, situated beyond the railroad tracks from the business part of town. The friend walked outside of the building and waited perhaps ten minutes while plaintiff prepared to close the place for the evening. The night was dark and it was misting rain. They got in plaintiff's car and drove down State

Highway No. 25, about 600 feet to where the highway intersects the defendant's tracks. The highway carries much traffic, although none other than plaintiff's car is shown to have been on the road at the time and place of the collision. Plaintiff and his friend, Mr. Crowley, knew the railway tracks were there and each had crossed them many times in the past. Plaintiff was driving at around 15 to 20 miles per hour, his lights were good and his brakes adequate to stop his car within a distance illumined by his lights. A "railroad crossing" sign stood near the pavement 96 feet west of the railroad track and a street light, 10 feet higher than the sign, was located 14 feet east, between the sign and the tracks; the pavement is level from the sign to the tracks, a distance of between 90 and 100 feet. Defendant's extra freight train was standing on its track, the engine and 20 cars had passed the crossing and there were 12 cars in the train that had not crossed the intersection. An oil tank car stood directly on the intersection of the track and the highway. Plaintiff's automobile struck the tank car near one end where the trucks support it; after the collision the automobile was stuck under the frame work of the tank car. Plaintiff was injured in the collision, for which this suit was instituted. Plaintiff testified: "Yes, I had been over that crossing a number of times before the collision; I knew the railroad tracks were down there; I knew they ran trains over those tracks; I didn't think anything about approaching the railroad tracks, I never thought anything about it." Again he said: "I didn't see that train across the crossing until I ran into it; we were right on it before we ever seen it; it rose up like a cloud; I guess I hit the north end of the tank car, hit the trucks; we hit the thing and run under the tank car." He further testified: "Yes, my headlights were burning all the way down there; I guess they were good headlights; I guess they would shine 500 feet down the highway, I never did measure that to see; * * * I could have stopped my car in the distance that my lights picked up the train, considering the condition of my lights and brakes. I figure my lights undoubtedly went under that car. I don't know how high that car was off the ground, but I believe it was about chest high, but I don't know, I was right up on it before I saw it. When I saw this tank car with my lights shining, the light

went in under the car I guess; the lights had been shining on the road ahead of me." Again he said: "If I had stopped my car when I entered the intersection of the highway and railroad tracks, I don't know whether I could have seen the train or not, I didn't see any train; considering the weather conditions and everything. I think I could have stopped my car at that distance. * * * The tank car was the first thing I seen; it appeared like it was a cloud rising above; I guess my lights were shining under it; I didn't see anything down the pavement, I was looking down the highway." Other undisputed evidence introduced by the defendant shows that the train involved in the collision was an extra and had no regular schedule. The oil tank car sits on a set of four wheel trucks near each end; the wheels are 33 inches in diameter and the frame of steel bars ties the wheels of the truck together and leaves a clearance between the bottom and the rails of approximately 15 inches; near the center of the tank car are cylinders, beams and so forth, which extend down to within about 28 inches of the rails; the tank car is about 13 feet high from the rail to its top.

Our courts are not in complete harmony in the application of the rule of what is and what is not negligence and proximate cause, as a matter of law. We are cited to two cases in which persons drove their automobile into standing cars on highway intersections, and upon jury findings that they were not guilty of negligence proximately producing the injury, the courts have permitted the judgments to stand. Cases referred to are St. Louis, B. & M. R. Co. v. Brack, Tex.Civ.App., 102 S.W.2d 261, and Beaumont S. L. & W. R. Co. v. Richmond, Tex.Civ.App., 78 S.W.2d 232, writ dismissed. In each of those cases there were facts disclosed which tended to show that because of the conditions that existed, an optical illusion was produced causing the drivers to believe the intersection was open. The instant case resembles those above cited only insofar as plaintiff said he figured that his lights must have reflected under the tank car and beyond, although he said that the tank car presented to him the appearance of a dark cloud rising. We think that reasonable minds could not differ upon the extent to which lights of an approaching automobile would shine on the pavement when the rays were pointed direct-

570

ly at the solid car wheels and the truck which at most gave a clearance of about 15 inches. Plaintiff's evidence, in its most favorable light to him, indicates that, at the time of the trial, he "figured" or "guessed" that since his lights had been shining on the pavement they must have continued to shine on it under the tank car.

It is unquestionably true that the train was lawfully upon the track before plaintiff undertook to use the highway at that point, nor could both use it at the same time. Plaintiff knew of the presence of the railway tracks at the intersection. He was charged with knowledge of the dangers incident to approaching trains and that there may be cars on the intersection. It was incumbent upon him to approach that intersection with the care and caution commensurate with the hazards of which he was charged with having had notice. San Antonio & A. P. R. Co. v. Singletary, Tex.Civ.App., 251 S.W. 325, writ dismissed; Gulf, C. & S. F. R. Co. v. Gaddis, Tex.Com.App., 208 S.W. 895. It was held in the last cited case that where no care is exercised for one's own safety, and injury follows, negligence follows as a matter of law. The degree of care required by one situated as was plaintiff must be measured by the surrounding facts and circumstances. The vigilance required must be proportionate with the dangers involved. Koock v. Goodnight, Tex.Civ.App., 71 S.W.2d 927, writ refused. However, the general rule is not changed from such care as a reasonably prudent person would exercise under the same or similar circumstances. To take plaintiff's own testimony, we find that with knowledge of the presence of the railway tracks and that trains were accustomed to being there, he drove his automobile into the standing tank car. If he could not see it because of the insufficiency of his lights, occasioned by the atmospheric conditions, he might as well have been driving into a dangerous place without lights. It needs no argument to convince any sane person that a driver takes his life into his own hands when he voluntarily drives his automobile into a dangerous place when he is unable to see what confronts him. This statement is borne out by plaintiff's testimony that he was not thinking about there being a train on the track; he was just driving along looking down the highway; that he did not know if he could have seen the train if he had stopped his car and looked; that he did not see it until he was right up to it, then it looked like a dark cloud rising. We fail to see in the testimony where plaintiff took any precautions whatever to guard against the presence of the train which he must have known was likely to be on the crossing. There was no new or intervening cause shown which would have rendered his own acts anything but the proximate cause of the collision.

In some instances our courts have said that cases are rare where it has been held that acts, other than violations of penal laws, constitute negligence as a matter of law. See Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063. The facts as disclosed by the opinion in that case were such that clearly it was proper for the court to hold that an issue of fact was raised as to whether or not plaintiff was guilty of contributory negligence. However, under a different state of facts, our courts have many times held that a party shows himself to be negligent, as a matter of law, proximately causing his injuries. Some of the cases so holding are International & G. N. R. Co. v. Edwards, 100 Tex. 22, 93 S.W. 106; Gulf, C. & S. F. R. Co. v. Gaddis, Tex.Com.App., 208 S.W. 895; Galveston H. & S. A. R. Co. v. Price, Tex.Com.App., 240 S.W. 524; Fort Worth & D. C. R. Co. v. Bell, Tex.Civ.App., 14 S.W.2d 856; Robinson v. Houston, B. & T. R. Co., Tex.Civ.App., 23 S.W.2d 894; Texas Mexican R. Co. v. Hoy, Tex.Com. App., 24 S.W.2d 18; Texas & N. O. R. Co. v. Adams, Tex.Civ.App., 27 S.W.2d 331, writ dismissed; Blakesley v. Kircher, Tex. Com.App., 41 S.W.2d 53; Koock v. Goodnight, Tex.Civ.App., 71 S.W.2d 927, writ refused; Texas & N. O. R. Co. v. Stratton, Tex.Civ.App. (2 cases), 74 S.W.2d 741 and 746, writ refused both cases; Texas & N. O. Ry. Co. v. Berry, Tex.Civ.App., 74 S. W.2d 750, writ refused; Wichita Valley Ry. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714, and many cases there cited; Kypfer v. Texas & P. R. Co., Tex.Civ.App., 88 S. W.2d 528, writ dismissed; Standard Paving Co. v. Webb, Tex.Civ.App., 118 S.W. 2d 456. Many other such cases could be cited, but we think the exception to the general rule stated is about as well established as the rule itself. Authorities above cited

discuss, in several instances, the doctrine of proper lookout, which invariably enters into the principle of whether or not a complaining party is guilty of contributory negligence in that respect. We deem it unnecessary to extend this opinion by discussing this point.

To use the language of the Commission of Appeals, in Blakesley v. Kircher, supra [41 S.W.2d 56]: "We see no escape from the conclusion that the situation (in the instant case) presents one where the defendants in error [plaintiff here] were guilty of contributory negligence as a matter of law." By the same token, his acts proximately caused his injuries.

We hold that under the undisputed facts relied upon by plaintiff in this case, and the authorities above cited, the trial court was justified in directing a verdict for the defendant. The judgment should be and is therefore affirmed.