### ROBINSON v. HOUSTON BELT & TERMINAL RY. CO. (No. 9326.)

Court of Civil Appeals of Texas. Galveston.
Dec. 18, 1929.

King, Battaile & Sonfield, of Houston, for appellant.

Andrews, Streetman, Logue & Mobley, R. F. Campbell, and T. A. Slack, all of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against appellee to recover damages in the sum of $15,000 for personal injuries to the minor appellant, Mack Robinson, alleged to have been caused by the negligence of appellee.

For cause of action the petition alleges, in substance, that on or about midnight of January 31, 1927, the appellant, Mack Robinson, while riding upon a motorcycle operated by him along a public highway in the city of Houston, known as the Telephone road, ran into a train of cars which was being operated by appellee on its track which crossed the public highway upon which the appellant was traveling, and was thereby thrown violently upon the paved highway, and received painful and serious injuries.

The other material allegations of the petition are thus sufficiently stated in appellant's brief:

"That at the time of said collision he was operating his motorcycle at the rate of about twenty miles per hour; that said motorcycle was equipped with a good and sufficient head-

light and also equipped with a good and sufficient brake; that as appellant approached said crossing on said occasion he looked and listened for trains, but that he saw no train and heard no train until within about twenty feet of the track, at which time he discovered freight cars moving on said track across said public highway; that the discovery of said train was made too late to avoid a collision, although every effort was made on the part of the appellant so to do.

"That the railroad company's (appellee's) track crossed the Telephone Road, a public highway in Harris County extending between and connecting the City of Houston, Harris County, Texas, with the town of Alvin, in Brazoria County, Texas, and intervening towns; that at the time of said accident the Telephone Road at the point of the accident was a highly traveled highway, being extensively used for travel by automobiles, trucks, motorcycles and all other character of conveyances; that at the point of the accident where the highway crosses said railroad tracks said railroad tracks are raised approximately four feet above the remainder of said highway; that the railroad tracks cross said highway within the corporate limits of the City of Houston; that said highway was at said time extremely dangerous, particularly at night, and that the railroad company did not then maintain at said crossing gates, signal devices, lights, or watchmen to warn those using said highway of the approach of trains; that by reason of said tracks being raised above the level of the roadway it is difficult and impossible to see a passing train, and particularly a freight train, until the ascent of said raised portion of the highway has commenced; that by reason of the collision between the freight train and appellant, and as the direct and proximate result thereof, and the negligence of appellee, its servants, agents and employees, appellant received the injuries which are fully set forth and described in said petition."

The appellee answered by special exceptions and general denial, and specially pleaded contributory negligence on the part of appellant, Mack Robinson, in that, at the time of the collision, he was operating his motorcycle on a public highway at an excessive and unlawful rate of speed and without having it equipped with a sufficient headlight or sufficient brakes; that, "in approaching the crossing in question, which was well known to him, and in using muffler cut out, and without keeping or causing to be kept a look-out for a train, cars, or other objects occupying or approaching the crossing, and without taking any care to determine whether a train, cars or other objects were on or near said crossing and that he could use it with safety to himself, and in operating his motorcycle at a high rate of speed without sufficient

brakes to stop within the distance his headlights would light the road, and within the distance he knew or that an ordinarily prudent person in the exercise of due care would have known to be clear and free of obstructions, and without sufficient lights by which he could see the cars or the train on the crossing within time to stop his motorcycle or otherwise safely operating it, and in failing to stop the motorcycle or to place same under control within the distance that he or a person of ordinary prudence reasonably would have discovered the presence of the train and cars on the crossing, the said Mack Robinson failed to exercise that degree of care for his own welfare and safety that a person of ordinary prudence similarly situated would have exercised and observed under the same or similar circumstances."

The defendant further pleaded negligence on the part of the plaintiff in failing to hear and heed the signals and warnings given by appellee's train as it approached the crossing, and to hear and heed the warnings which the noise of the train as it passed over the crossing gave to persons approaching the crossing on the highway.

After hearing the evidence, the trial court instructed the jury to return a verdict for the defendant, and, upon the return of the verdict, rendered judgment in favor of defendant.

Under appropriate assignments and propositions, the appellant assails the judgment on the grounds that the evidence raises the issue of negligence alleged in the petition, and fails to show that the appellant, as a matter of law, was guilty of contributory negligence as alleged in defendant's answer.

The evidence shows that the collision occurred at the time and place alleged in the petition, and that appellant received serious injuries thereby. At the time of the accident, appellant was going on his motorcycle from the city of Houston to his home several miles out from the business portion of the city. He had a companion riding on the motorcycle with him who was killed in the collision. This crossing of appellee's railway track was within the corporate limits of the city, but there is no evidence that the view of the crossing was in any way obstructed within any reasonable distance therefrom, and the only testimony offered to show that the crossing was one of peculiar or more than ordinary danger are the statements of the plaintiff, Mack Robinson, and his witness, J. C. Stephenson, to the effect that "the Telephone road is a paved highway and there is lots of traffic on the road; there is a dance hall out there and quite a few cars come out there," and the further fact that the roadbed on which the railroad track crosses the highway is from 2½ to 4 feet above the level of the highway.

The undisputed evidence shows that at the time of the collision there were no vehicles or traffic of any kind on the highway at or near the crossing. There is neither allegation nor evidence of any negligence of appellee in the operation of its railway, other than its failure to maintain gates, signal devices, lights, and watchman at this crossing "to warn those using the highway of the approach of trains."

■ It is a settled rule of decision in this state that the duty of a railway company to provide such signals or warnings or to have gates or a watchman at its crossings on a public highway only arises when the situation or surroundings of the crossing render it one of peculiar or more than ordinary danger, or, as expressed in the case of Pennsylvania Ry. Co. v. Matthews, 36 N. J. Law, 534: When "that particular place is so peculiarly dangerous, that prudent persons could not use the public road in safety, unless the company employed a flagman or other extraordinary means to signal the approach of their trains." This statement of the rule is quoted with approval by our Supreme Court in the case of Missouri, K. & T. Ry. Co. v. Magee, 92 Tex. 616, 50 S.W. 1013.

■ Measured by this rule, we agree with the trial court that the evidence in this case does not raise an issue of negligence on the part of appellee in the respects alleged in the petition. The rule announced in the Magee Case has been uniformly approved and applied by our higher courts. Tisdale v. Ry. Co. (Tex. Com. App.) 228 S. W. 133, 16 A. L. R. 1264; Missouri, K. & T. Ry. Co. v. Long (Tex. Com. App.) 299 S. W. 854; Smith v. Galveston-Houston Electric Ry. Co. (Tex. Civ. App.) 265 S. W. 267.

■ We also agree with appellee that the undisputed evidence shows that in approaching the crossing appellant failed to use any care for his safety, and must be held as a matter of law to have contributed to his injury, if the appellee could be held negligent in the respects alleged in the petition. Appellant was familiar with the situation and surroundings of the crossing, and had passed over it often both day and night for several years, and knew that trains passed thereon frequently both day and night and that no watchman was kept there or any signal or device used by the appellee to give warning of the approach of trains, other than those required by the statutes, which it is not contended were not given on this occasion. Knowing all these facts, by his own testimony he continued to run his motorcycle in the dark at the speed limit which he says was 20 miles an hour, until he got so close to the slowly passing train that he was unable to stop in time to avoid the collision. His only excuse for not sooner slackening his speed is that he had not heard the signals given by the train or seen its headlights as it approached the crossing, and that, because of the elevation of the railroad track, the lights on his motorcycle, which were adjusted in accordance with our highway statute, did not disclose the presence of the train on the crossing until it was too late to stop his motorcycle in time to avoid the collision. This fact could not relieve him of negligence when he knew of the elevation of the track, had often crossed it in the nighttime, and knew that a train might be passing over the crossing at any time.

■ It seems to us that, in view of appellant's admitted familiarity with the situation, surroundings, and use of the crossing, and his knowledge of the absence of any extraordinary signals of warning, in approaching the crossing without slackening his speed he voluntarily exposed himself to a known danger, and must be held guilty of negligence. International & G. N. Ry. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106; Galveston, H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524; Ferrell v. Beaumont Traction Co. (Tex. Com. App.) 235 S. W. 531.

If either of the conclusions above expressed are sound, and we think both are sound in principle and fully sustained by the authorities cited, the judgment must be affirmed, and it has been so ordered.

Affirmed.