## PENNINGTON PRODUCE CO. v. WONN.
### No. 4153.

Court of Civil Appeals of Texas. Texarkana.
March 29, 1932.

Rehearing Denied April 21, 1932.

484

Seay, Seay, Malone & Lipscomb, of Dallas, and Starnes & McWhirter, of Greenville, for appellant.

Clark, Harrell & Clark, of Greenville, and Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellee.

LEVY, J. (after stating the case as above).

The special issues 1 and 3, respectively, are made the subject-matter of error in presuming negligence as a matter of pure law, and in not requiring of the jury the finding of negligence vel non in the circumstances. The evidence affirmatively showed that the truck was equipped with and carried for use a tail-light, but is conflicting as to whether or not it was kept lighted while the truck was standing on the highway at the time of the injury in suit. The sole disputed fact was that of whether or not the light was kept burning while the truck was parked. Issue No. 1 required a finding by the jury only of whether or not the evidence established "that the tail light on the Pennington truck was burning." It is a clear violation of the terms of the penal statute not to have the light located at the rear of the motor vehicle, and carried for the purpose of a clearance lamp, kept lighted after sunset while such motor vehicle is upon the highway. Section 9, article 827a and article 798, Penal Code. It is manifest that the lights so required were intended for the guidance and safeguard and protection against injury of other travelers on the highway. The violation of a positive duty designed by statute for the safety of an individual, and the violation results in injury, constitutes negligence per se according to the well-settled rule in this state. Houston & T. C. Ry. Co. v. Wilson, 60 Tex. 142; Texas & P. Ry. Co. v. Baker (Tex. Com. App.) 215 S. W. 556; Hines v. Foreman (Tex. Com. App.) 243 S. W. 480; Estes v. Davis (Tex. Civ. App.) 28 S.W.(2d) 565. Therefore in the evidence there was no error in submitting to the jury for finding only the violation of the law, and that such violation was the proximate cause of the injury. Speers' Law of Special Issues, § 164, p. 213. The case of Horton v. Benson (Tex. Civ. App.) 266 S. W. 213; Id. (Tex. Com. App.) 277 S. W. 1050, is not a holding to the contrary of the rule. The case of Taber v. Smith (Tex. Civ. App.)

26 S.W.(2d) 722, involves quite a different state of facts. In that case the holding was that the proper issue and question for the jury was, not the existence only of the fact of violating the provisions of an express statute, but of negligence vel non in the circumstances in view of all the affirmative and uncontradicted evidence going to show that the violation of the law was justifiable or excusable.

As respects the second point, the objection is well taken. The issue as submitted was not a violation of the terms of the statute, but was rested upon negligence vel non of leaving a space open "reasonably sufficient for other vehicles to pass." In such circumstances it was required of the jury, in order to predicate liability, a finding of negligence or not under the circumstances. The setting aside of this finding, as must be done, we think, would not operate to reverse the judgment.

The points are presented that the evidence shows as a matter of pure law (1) no negligence on the part of the defendant, and (2) contributory negligence of the plaintiff. The defendant claims, and the evidence conclusively shows, that his presence at the point of injury was due to a previous wreck stopping for the time passage on the highway. Although he had stopped on the highway, yet the truck was being operated on the highway within the meaning of the law since the truck was only temporarily stopped within the intention to continue on the trip as soon as the way was cleared and made open for travel. Horton v. Benson (Tex. Civ. App.) 266 S. W. 213. (In such situation the truck driver had ample time and opportunity to properly park the truck and observe the tail-lights. The evidence was conflicting as to whether or not the tail-lights were kept burning during the time the truck was parked on the highway. The evidence in reference to this and the evidence opposed thereto, may involve an act of the affirmative violation of an express statute. Hence absolute liability would follow, resulting from the conclusively shown violation of the law in case of such violation being the proximate cause of the injury. It was for the jury, under the circumstances, to determine the proximate cause, and their verdict would have to be sustained as there is evidence to support the finding.

The main point arising in the evidence is that of whether or not the plaintiff was guilty of contributory negligence. The failure of the plaintiff to more timely see the objects on the road as he was approaching them may or may not have been excusable under the circumstances. The evidence in reference to this and the evidence opposed thereto may involve, it is believed, an issue for the jury. It may not reasonably be said

that, as a matter of pure law, no care was taken to avoid, and no excuse offered by the plaintiff for colliding with, the defendant's unlighted truck left on the highway.

Complaint is made of refusal to give certain issues bearing upon negligence of the plaintiff. The issues as submitted covered the real points raised by the evidence, and there was no error in respect to the other requested issues.

There was requested to be submitted to the jury a special issue involving the failure of the plaintiff to comply with article 794, Penal Code, reading: "All operators of motor vehicles in passing each other on the public highways shall slow down their speed to fifteen miles per hour. Any person who violates this article shall be fined not to exceed one hundred dollars."

The answer must be, we think, that the article has no application to the facts. The appellant's truck was standing on the right side of the road. An automobile was standing parked on the left side of the road, opposite the truck, and facing the plaintiff. The plaintiff was driving on the right side of the road. The evidence is without contradiction that the plaintiff did not actually pass nor actually attempt to pass the automobile standing on the left side of the road. He was in fact approaching the standing automobile, but, as admittedly proven, turned his automobile to the right at a point not less than 30 feet before reaching the standing automobile or truck. If the plaintiff at the time he turned or swerved it to the right was in fact operating "at a rate of speed endangering life or limb" or "at such speed that he could not stop within the radius covered by his own headlights" or more "than forty-five miles per hour," then such issues were duly submitted to the jury and they passed upon the same.

It is urged that there was error in not submitting the requested issue of unavoidable accident. It is believed there was no issue of fact in that respect.

We have considered all the assignments of errors, and conclude that reversible error may not be predicated thereon.

The judgment is affirmed.

SELLERS, J.

Without reviewing the facts, the writer is unable to agree with the majority of this court in the conclusion reached that the facts of this case do not call for the giving of the issue of contributory negligence requested by appellant involving a violation of article 794 of the Penal Code.

The writer is of the opinion that both the pleadings of the appellant and the evidence raised the issue, and, appellant having re-

quested such issue to be submitted to the jury, it was reversible error for the court to refuse same.