## THOMPSON v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.

### No. 4262.

Court of Civil Appeals of Texas. Texarkana.

Dec. 15, 1932.

J. G. Turner, of Dallas, and Clark, Harrell & Clark, of Greenville, for appellant.

Crosby, Estes & Estes, of Greenville, for appellee.

SELLERS, J.

The plaintiff, Eldon Thompson, brought this suit in the district court of Delta county against the defendant, St. Louis Southwestern Railway Company of Texas, to recover for personal injuries in an accident which happened on Park street in the city of Commerce, Tex., where the Sherman branch of said railway crosses said street. Plaintiff was injured when the automobile on which he was riding was suddenly turned to the left by the driver of the car to prevent a head-on collision with one of defendant's trains which had the street crossing blocked. The automobile turned over into a ditch and threw the appellant under the train, where he was severely injured.

The plaintiff alleged that the defendant was negligent in failing to keep a flagman at the crossing with a lighted lantern to warn persons using said crossing of appellee's trains, and also in failing to install an electric signal bell or signal lights or other mechanical devices at said crossing to warn said persons using the same.

The defendant answered by general demurrer, a number of special exceptions, and pleaded contributory negligence in several particulars.

The case was tried to a jury which found, among other issues submitted, that the defendant was negligent in both the particulars alleged, which negligence was the proximate cause of appellant's injury. The jury also found that the car was being driven in excess of twenty miles an hour and this speed contributed to cause the injury. They further found that the plaintiff was guilty of contributory negligence by riding on the running board of the car. Plaintiff's damages were assessed at $8,000. Upon the verdict of the jury the court entered judgment for the defendant, and plaintiff has duly prosecuted this appeal.

The appellant, Eldon Thompson, has several assignments of error complaining of misconduct of the jury upon which he relies for reversal of the judgment appealed from, but we are also confronted with several cross assignments of error by appellee attacking the jury's finding of negligence on the part of appellee as unsupported by the evidence; and, since this court has concluded that appellee's assignments must be sustained, we deem it unnecessary to consider appellant's assignments, for if there is no evidence of negligence on the part of appellee, the court's judgment is correct no matter what ground the court relied upon in rendering it.

■ By an unbroken line of authorities the rule seems to be well established in Texas that the appellee was under no obligation to keep a flagman or resort to other extraordinary means to warn persons approaching said crossing, unless the crossing is more than an ordinarily hazardous one. Gillham v. St. Louis Southwestern Rwy. Co. of Texas (Tex. Civ. App.) 241 S. W. 512; St. Louis Southwestern Rwy. of Texas v. Hill et ux. (Tex. Civ. App.) 13 S.W.(2d) 420; and other cases therein cited.

The facts with reference to this crossing may be substantially stated as follows: Park street in the city of Commerce runs north and south, is 21 feet wide, and paved. The Cooper-Commerce highway intersects Park street about 800 yards north of where appellee's railroad crosses said street, and all the traffic on this highway passes over Park street in going into and coming out of Commerce. The traffic over this crossing, as estimated by witnesses, is about 15 cars an hour during the daytime, and about 2 to 5 cars an hour at the time of night the accident occurred, which was about 2 o'clock a. m. Park street from the point where the highway intersects it is a gradual slope to the south until it reaches a point about 27 feet north of the railroad crossing involved, and then the grade starts gradually upward. There is evidence of a difference of 8.8 feet in the elevation of Park street from the lowest point, which is 27 feet north of the railroad crossing, to a point 400 feet north on said street, which is about one-half the distance from where the Cooper highway

enters Park street to the railroad crossing. Appellee's railroad runs almost east and west where it crosses Park street; but it may be fairly said that it runs in a general direction from the southeast to the northwest. When approaching this crossing from the north on Park street, there is a house on the right which is about 150 feet from the crossing, and after passing this house there is nothing to prevent one's view to the right, except two trees and the telephone poles along Park street; the ground being smooth between this house and the railroad. On the left-hand side in approaching from the north there is a house about 50 feet north of the railroad and an embankment between the house and the railroad about 10 feet high. There is also a road leading off from Park street to the east between this house and the railroad. The evidence is silent as to how many trains use this crossing a day; nor does it reveal the speed at which appellee's trains run in approaching this crossing.

■ Our conclusion is that the facts as disclosed by the record are insufficient to raise an issue of negligence and support the jury's finding in the particular that the crossing involved is so extrahazardous as to require the appellee under the rule above set out to maintain a flagman or some mechanical device to warn those using the highway of appellee's trains. Robinson v. Houston Belt & Terminal Rwy. Co. (Tex. Civ. App.) 23 S.W.(2d) 894.

At the time of the accident appellant and three others, all young people, were returning from Paris, Tex., where they had been to some character of social function. While on the way home, and when stopped to assist some one who was having car trouble, Carlton Robertson, one of the occupants of the car with appellant, was struck in the arm by a bullet apparently fired by some one who lived nearby. He was being carried to a hospital in Commerce when the accident occurred in which appellant was injured. At the time of the accident Mrs. Montie Compton was driving the car which it seems was one-seated. The injured boy and a Miss Maurine Somerlin were both on the seat with the driver, and appellant was riding on the running board of the car. Mrs. Compton, Miss Somerlin, and appellant all testified in this case, but both Miss Somerlin and appellant admitted they were not noticing for a train at the time of the accident. Mrs. Compton, the driver testified: "I was going, I guess, about twenty or twenty-five miles an hour and we were going down a steep incline—the road goes right straight down—and as we were going on down the highway I was very careful, trying to be as careful as possible because I felt like I already had one boy and I didn't want to hurt any one else. We entered near this railroad crossing. The crossing looked clear to me because I could see my lights reflect on the other side of the track on the track—it

looked clear—and as I neared the track I was almost on the train before I saw it; it was a black oil car and the night was awful dark and I didn't see any sign of a car until I was on the train, then I tried to keep from running into the train and turned to my left trying to make the little dirt road or keep from hitting the train, and as I did I went over that embankment and my car turned over. * * * "

The evidence shows that appellant, Miss Somerlin, and Mrs. Compton were all familiar with the crossing. There is evidence that a full moon was shining, and that there was an electric light at some distance on each side of the crossing which gave some light to it. The engine of the train which had the crossing blocked was some six or eight car lengths west of the crossing, and the train was either still or was moving slowly at the time of the accident.

After careful consideration of all the facts, the material parts of which we have above set out, we are of the opinion that the evidence is such that it must be said that the driver of the car was guilty of contributory negligence as a matter of law. Robinson v. Rwy. Co., supra.

The judgment of the trial court is affirmed.