528

Whitaker & Peticolas and William Craig Peticolas, all of El Paso, for appellants.

R. S. Shapard, of Dallas, and Howard & Jackson, of El Paso, for appellee.

## KYPFER et al. v. TEXAS & P. RY. CO.

### No. 3281.

Court of Civil Appeals of Texas. El Paso. Nov. 14, 1935.

Rehearing Denied Nov. 27, 1935.

HIGGINS, Justice.

The parents of Willie Kypfer, deceased, brought this suit against appellee to recover damages for the alleged negligent killing of their son. An instructed verdict was returned for the defendant upon its motion at the close of plaintiffs' evidence.

While riding as a guest in an automobile driven by A. H. Utley, the deceased was killed by the collision of such automobile with a stock car standing upon a spur track of appellee at Allamore station.

The automobile was traveling in an easterly direction upon the Bankhead Highway upon which the traffic was heavy at all hours. The highway at this point runs east and west. The pavement is about 19 feet wide. The highway is immediately south of and adjoins appellee's main line. The accident happened about 10 or 11 o'clock at night. There are two spur tracks leading from appellee's main line to the stock pens situate a short distance south of the highway. These spurs cross the highway diagonally and meet south of the highway. From the meeting point a single track runs to the stock pens; the spurs and single track to the pens thus forming a "wye." Just before the collision in question, several stock cars were being slowly pushed on the east spur by the engine to the stock pens to be loaded with cattle. While the spur was blocked by these slowly moving cars an automobile coming from the east struck one of the cars and injured the driver of the automobile. The automobile was tightly wedged un-

der one of the stock cars. When this collision occurred, the string of stock cars was immediately cut and the north side of the pavement opened so that traffic could pass. The car under which the automobile was wedged was left standing upon the south half of the pavement. It extended slightly north of the pavement center line. In this manner a little more than the south half of the pavement was obstructed, but there was ample space upon the pavement for an automobile to pass to the north of the obstructing car. This was the situation when the automobile driven by Utley traveling east struck the stock car obstructing the south half of the pavement. Utley's automobile struck the car very shortly after the first collision occurred. Between 5 and 10 minutes intervened between the collisions. It is apparent from the evidence Utley was driving very rapidly, though there is no evidence to show just how fast he was traveling.

### Opinion.

As to the issue of actionable negligence upon the part of the defendants, this case cannot be distinguished from Texas & N. O. R. Co. v. Stratton (Tev.Civ.App.), Texas & N. O. R. Co. v. Stratton ·(Tex.Civ. App.), and Texas & N. O. R. Co. v Berry (Tex.Civ.App.), reported in 74 S.W.(2d) at pages 741, 746, and 750, respectively, in all of which writs of error were refused.

And upon the issue of contributory negligence upon the part of the deceased the case cannot be distinguished from Texas Mexican Ry. Co. v. Hoy (Tex.Com.App.) 24 S.W.(2d) 18, 20 and Wichita Valley Ry. Co. v. Fite (Tex.Civ.App.) 78 S.W. (2d) 714.

Appellant's theory is that the occurrence of the first collision put the employees of defendant upon notice that the obstructed crossing was extraordinarily perilous to automobile travelers upon the highway, thus imposing upon said employees, in the exercise of ordinary care, the duty to station flagmen with lanterns upon the highway to warn travelers of the obstruction, and this was not done. In this connection cases are cited involving unusually dangerous crossings.

For quite a distance upon either side of the spur tracks the highway is straight and level. There are no obstructions whatever to interfere with the view of the crossings and approaches by travelers. The usual railroad crossing signs were up-

on both sides of the spurs. The cases first cited establish that the crossing here is not to be considered an unusually dangerous one. The crossing, not unusually dangerous, was not made so by the fact that a collision had just previously occurred there. But if it be conceded that under the present facts the duty did devolve upon the employees to send out flagmen with lanterns, then it was not shown a flagman was not so stationed some distance west of the crossing. In this connection appellants rely upon the testimony of the witness Tidwell, who testified that he was standing by the man injured in the first collision, and if there had been flagmen with lanterns on the west side of the stock cars and close to them he could have seen them, but did not. But he further testified: "Yes, if they were back up the highway I couldn't have seen them." The proper place for the flagmen would have been up the highway some distance from the obstruction, and Tidwell's testimony does not show one had not been sent west after the first collision to flag and warn travelers approaching from the west.

■ But however the evidence should properly be viewed upon such issue, we are of the opinion, under the authority of the Stratton and Berry Cases, supra, the crossing was not unusually hazardous and no actionable negligence on the part of the defendant is shown in failing to adopt unusual precautions to warn highway travelers of the obstructing car which had been unavoidably stalled upon the south part of the highway just a few minutes before.

■ As to contributory negligence appellants invoke the rule that the issue is ordinarily one of fact.

The evidence shows the deceased must have been familiar with the crossings leading to the stock pens. From all the facts and circumstances shown by the record the conclusion is inevitable the automobile was traveling rapidly.

Utley, the driver of the car, testified:

"Fifteenth Interrogatory: State whether or not in approaching the wye crossing, that is, where the wye crosses the highway, that you saw the lights of the brakeman, or conductor, or the trainman, or stockman loading cattle there? Ans. to Int. No. 15: I seen a light around of the car but I couldn't say whether it was the brakeman or stockman or who, but I was going so fast I couldn't stop.

"Sixteenth Interrogatory: If you have stated that you did, then state whether or not you thought these light were stationary and were for soft shoulders on the highway or some other road warning. Ans. to Int. No. 16: Well, I didn't know what the light was for, I didn't have time to think what it was for.

"Seventeenth Interrogatory: State whether or not the deceased, Willie Kypfer, said anything about the lights. If so, what. Ans. to Int. No. 17: He did not say anything about the lights."

"Twenty-fifth Interrogatory: State whether or not the lights on your car were burning and were in good condition? Ans. to Int. No. 25: Yes."

The deceased knew "a collision was inevitable if the railroad crossing was occupied by cars." Hoy Case, supra. He must have known it might be so occupied.

It is apparent he exercised no care for his own protection, in approaching at night a railroad crossing, riding in an automobile traveling at a rapid speed. Under such circumstances he must be considered guilty of contributory negligence as a matter of law. The Hoy and Fite Cases, supra, so hold.

Affirmed.

PELPHREY, Chief Justice (concurring).

I am unable to agree with the majority in the holding that the doctrine announced in Texas & N. O. R. Co. v. Stratton and Texas & N. O. R. Co. v. Berry should be applied to the facts of this case, in so far as the issue of actionable negligence is concerned.

In those cases the train was in motion and nothing had transpired which could be said to have brought home to the servants of the railway company any notice of danger.

In the present case appellee's train had been run into by an automobile going in a westerly direction while the train was in motion and the automobile had become wedged under one of the cars so that it could not be and was not moved for a period of more than five minutes, the limit for willful blocking of crossings fixed by article 787, Penal Code.

With such a condition existing the writer cannot agree that, as a matter of law, appellee was under no duty to take any steps to warn the users of the public highway of the presence of its car thereon. Such a doctrine has not been applied to others who have left unguarded obstructions upon the public highways of our state, and I cannot believe that the mere fact that this accident occurred on a railroad crossing and the obstruction happened to be a box car would entirely relieve appellee from exercising any care to prevent collisions between its box car and the motor vehicles which it knew were being operated continuously on the highway.

I do agree, however, that deceased, under the holding in Texas Mexican Ry. Co. v. Hoy and Wichita Valley Ry. Co. v. Fite, was guilty of contributory negligence as a matter of law, and that therefore the judgment of the trial court should be affirmed.