**J. S. ABERCROMBIE CO. v. DELCOMYN.**
No. 10510.

Court of Civil Appeals of Texas. Galveston.
April 14, 1938.

Rehearing Denied May 5, 1938.

Frank G. Dyer, Wm. S. Clarke, and Vinson, Elkins, Weems & Francis, all of Houston, for appellant.

Allen, Helm & Jacobs and W. S. Jacobs, Jr., all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $5,475 judgment against appellant in favor of appellee, entered upon a jury's verdict in response to special issues, as well as upon the court's independent findings from the pleadings and the evidence, whereby the appellant was, in effect, held responsible as for its negligent infliction of damages in the stated sum upon the appellee, as a result of the collision between a pipe-laden trailer attached to one of its trucks, and the appellee's automobile (driven by himself) at the intersection of Polk and Caroline streets in Houston, on July 21 of 1934, at night.

Inveighing against such action here, appellant in the main contends:

(1) That the trial court should have granted its motion for an instructed verdict, because the undisputed evidence showed that the appellee negligently violated—by not so stopping—an ordinance of the city of Houston requiring him to bring his car to a complete stop immediately before entering Polk street on the occasion in question, which negligence was in law a proximate cause of the collision he recovered damages against appellant for.

(2) The answers of the jury to special issues 17 and 6 were each so contrary to the great weight and preponderance of the evidence as not only to be clearly wrong, but to require a reversal; that to No. 17 being that such failure of appellee to bring his automobile to a complete stop before entering Polk street was not a proximate cause of the collision, that to No. 6 being that the negligence of appellant's driver of the truck and trailer in failing to have any warning signal on the load of pipe visible from the side thereof was a proximate cause of the collision.

(3) The court erred in submitting to the jury special issue No. 4, reading: "Do you find from a preponderance of the evidence that the defendant's driver at the time of the collision failed to have any warning signal on the load of pipe visible from the side of the load?", over appellant's objection that the same was not only not raised by the pleadings, but further was duplicitous, in seeking to elicit at the same time whether or not appellant's driver failed, (1) to have any warning signal on the load of pipe, and (2), if he had such signal there, whether or not it was visible from the side of the load.

(4) The court erred in not having granted appellant's motion for a new trial on account of misconduct of the jury, in having discussed the fact that appellee would probably have to pay his attorneys a fee out of any amount he recovered in this cause, while considering, and prior to having arrived at their verdict herein.

(5) The judgment and verdict so rendered and returned is excessive in amount, the jury's action having evidently been based upon passion and prejudice, and for that reason should be reversed and a new trial ordered.

(6) The closing argument of appellee's counsel to the jury in having urged upon them that the act or negligence of appellant's driver in having the load of pipe so in the intersection in question was "a new and independent cause," within the court's definition of that term, "which broke the causal connection between plaintiff's act in failing to bring his automobile to a complete stop before entering Polk Avenue and the collision, and that plaintiff's said act in failing to bring his automobile to a complete stop was therefore not a proximate cause of the collision," was improper and constituted reversible error.

None of these contentions, it is determined, should be sustained in the circumstances developed.

As concerns the first of them, the gravamen of the appellee's cause of action—under both his pleading and proof—was that appellant had been at the time of the collision operating its truck and appended trailer, the latter loaded with a large black pipe of about 40 feet in length, at night, across the intersection of these two streets, without lights visible from the side thereof on either truck, trailer, or pipe, which in the circumstances was dangerous and constituted negligence; in reply, the appellant interposed in bar the stop ordinance referred to, claiming it to have been in effect at that place at

that time, that appellee had violated it by not coming to a full stop as prescribed therein, which failure, it declared, constituted contributory negligence as a matter of law upon his part, barring any recovery by him; on the issue thus joined, the appellee testified—and his statement was nowhere in material substance impeached—as follows:

"Q. Now, did you bring your car to a complete stop? A. That is something I will have to estimate. I don't remember whether I stopped completely or not, but I know I stopped or come nearly to a stop, I don't know positively."

With the evidence as to appellee's conduct in that condition, and although he had raised by pleading and proof upon the point serious question as to whether or not such ordinance was then effective in that locality, the learned trial court, assuming both that the ordinance was then in effect there and that the appellee had negligently violated it by not so stopping, submitted this inquiry to the jury:

"Special Issue No. 17. Do you find from a preponderance of the evidence that plaintiff's failure to bring his automobile to a complete stop before entering the intersection of Caroline Street and Polk Avenue was a proximate cause of the collision in question?" The jury answered, "We do not."

The submission of this question and the receipt of the jury's stated answer thereto is what the appellant thus attacks, upon the ground that the assumed violation of the ordinance constituted contributory negligence as a matter of law. This court cannot agree, concluding rather that—the appellant having the burden of proving contributory negligence—and the appellee having so testified that he stopped, or came nearly to a stop, before entering Polk Street —even granting that the invoked ordinance was in effect at the time—at least a very near approach to a compliance with its terms was shown, leaving the question of whether the appellee's remissness had been a proximate cause of the collision one of fact for the jury; especially so, since the evidence was otherwise amply sufficient to support findings to the effect that it was dark, that appellant's truck was so trailing a single piece of 20-inch pipe—40 feet long and black in color—its front end resting on the truck and its rear end on its semitrailer at a level above the radiator and headlights of the appellee's car, and with no warning signal anywhere on the pipe visible from the

side of the load; that the appellee approached the pipe from the side while it was being slowly pulled across the intersection of the streets ahead of him, checked his speed almost to a stop, shifted gears, and then accelerated his car, running it under and into collision with the pipe at the bottom of its windshield. In other words, granting for the nonce that it was negligence per se for the appellee not to have complied literally with the requirement for a complete stop before he entered the street intersection, such negligence was not, as a matter of law, a proximate cause of this collision in the circumstances thus otherwise attending it, the matter being still one for the jury—the element of reasonable anticipation having been included in the learned trial court's definition of proximate cause in this instance. Waterman Lumber Co. v. Beatty, 110 Tex. 225, 218 S.W. 363; Postal Telegraph & Cable Co. v. Saper, Tex.Civ.App., 108 S.W.2d 259; Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489; Galveston, H. & S. A. Ry. Co. v. Duty, Tex.Civ.App., 267 S.W 744, affirmed by Commission of Appeals, 277 S.W. 1057.

Each of the Texas cases—relied on by the appellant for a contrary holding—either is apparently not in point, or "its peculiar facts compelled a holding that proximate cause existed from the jury's finding." Foster v. Beckman, Tex.Civ.App., 85 S.W. 2d 789, 792, error refused.

Neither is there lacking sufficient supporting testimony in the statement of facts for the jury's finding in favor of the appellee upon this question of proximate cause, which was determinable by circumstantial as well as direct proof. Texas & N. O. Ry. Co. v. Ewing, Tex.Civ.App., 46 S.W.2d 398, error dismissed.

Indeed, construing the evidence upon this sharply-contested issue most favorably for the appellee, as he is entitled to have done as against the claim for peremptory instruction (Merritt v. Phoenix Refining Co., Tex.Civ.App., 103 S.W.2d 415; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725), it seems plain the jury might have found thereon that when appellee was at the place where he "stopped, or came nearly to a stop," that is, reduced his speed to three or four miles per hour, the pipe was yet a considerable distance from him—far enough to have enabled him to avoid the injury, if only there had been any warning

signal upon it that he could have seen from the side.

■■ Second. It is an implication from what has already been said, that this court finds nothing wanting in the sufficiency of the evidence to support the stated answers of the jury to inquiries Nos. 17 and 6; in fact, while these issues also were hotly contested, it is clear from the whole body of the evidence, which has been carefully reviewed, that it reflects no more than just a dispute as to facts which it was the exclusive province of the jury to resolve; wherefore, it would serve no needful purpose to here detail the testimony, nor even to attempt a comprehensive resume thereof.

■ Third. The asserted objection to quoted special issue No. 4, as submitted by the court, is thought to have been hypercritical; indeed, the major complaint against it being that it was "not raised by the pleadings" is obviously not well taken, in view of this disclosure in the record.

The appellee pleaded that "both the said pipe and semitrailer were without lights visible from the side thereof," and further that the collision and resultant injuries were proximately caused by the negligence of the appellant in the following particulars:

"(c) In failing to place any lights upon the load of pipe.

"(d) In failing to have any visible signal upon the load of pipe in question.

"(n) In failing to have any signal visible from the side of the load just prior to the collision."

Since a comparison between this pleading and the quoted terms of the issue disclose the two to have been substantially the same, even as to the language used, there was no error on this count. Davis v. Hill, Tex. Civ.App., 291 S.W. 681, affirmed by the Commission of Appeals, 298 S.W. 526; Denison v. Darden Lumber Co., Tex.Civ. App., 21 S.W.2d 574.

It follows also, it is thought, that this issue was not duplicitous, as further claimed.

■ Fourth. The trial court, after a laborious hearing upon the matter subsequent to the trial, at which some ten of the participating jurors testified fully, overruled the motion for a new trial in so far as based upon the claim of improper conduct on the jury's part in having, to the extent shown by the evidence, discussed or considered the matter of whether or not the appellee would be subject to the payment of attorneys' fees out of any recovery that might be awarded him; that action is approved here as having been well within its sound judicial discretion in the circumstances obtaining; a painstaking examination of all the very full testimony relating to this matter shows in final sum that there was no misconduct, but only a merely casual mention of a probability that appellee might have to pay a part of what he got as attorneys' fees, without any showing whatever either that any allowance for such fees had been included in the verdict, or that any juror had been influenced by the mention thereof in arriving at a verdict; wherefore, under these authorities, no reversible error in this respect appears. Bradley v. Texas & P. Ry. Co., 1 S.W.2d 861, by Commission of Appeals; Gulf States Tel. Co. v. Evetts, Tex.Civ.App., 188 S.W. 289; Galveston, H. & S. A. Ry. Co. v. Cook, Tex.Civ.App., 214 S.W. 539, error dismissed for want of jurisdiction.

As in the cited Bradley Case (page 865) there was here also this situation:

"The trial court under such a view was called upon to determine whether a mere mention of attorney's fees, followed by an immediate admonition of a juror that under the court's charge it was improper to consider such fact, leaves the matter in doubt as to whether the juror was improperly influenced. We think, under this view of the case, the trial court did not abuse the discretion vested in him in overruling the motion for new trial. Galveston, H. & S. A. Ry. Co. v. Cook (Tex.Civ.App.) 214 S.W. 539. * * *

"Moreover, there is quite a distinction between a full and general discussion of attorney's fees by a jury, as was shown in the Wilson Case [Southern Traction Co. v. Wilson, Tex.Com.App., 254 S.W. 1104], and the mere mention of such fact, followed by a prompt rebuke from a juror that such fact must not be considered, as is testified to in this case."

That deliverance fits the facts fully in this case, as well as declares the law applicable thereto.

■ Fifth. In our opinion, it affirmatively appears from the evidence in this record that the jury's award of $5,000 to the appellee for his physical and mental pain and suffering, past and future, lost earnings, and diminished capacity to earn in

the future—all as a result of the injuries inflicted upon him in this collision—was not only not excessive, but, on the contrary, quite conservative; therefore, such an award in the circumstances does not shock the conscience of this appellate court, which conclusion leaves the assessment of it as having been well within the province of the jury and the trial court. St. Louis S. W. Ry. Co. v. Freedman, 18 Tex.Civ.App. 553, 46 S.W. 101; Houston Electric Co. v. Potter, Tex.Civ.App., 51 S.W.2d 754; Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993, Ann.Cas.1918D, 1203; Fort Worth & D. C. Ry. Co. v. Smithers, Tex.Civ.App., 228 S.W. 637.

Sixth. The sole complaint under this assignment is: "* * * it was improper and reversible error for plaintiff's attorney to argue to the jury that the act or negligence of defendant's truck driver in having the load of pipe in the intersection in question was a 'new and intervening cause' within the court's definition of that term, which broke the causal connection between plaintiff's act in failing to bring his automobile to a complete stop before entering Polk Avenue and the collision, and that plaintiff's said act in failing to bring his automobile to a complete stop was therefore not a proximate cause of the collision."

The argument appended was that this discussion "was calculated to and probably did deprive this defendant of its defense of contributory negligence."

 Appellant's brief nowhere contains an assignment or proposition challenging the correctness of the trial court's definitions of either "proximate cause," or "new and intervening cause," hence any objection he might otherwise have had thereto was waived. Western Union Life Co. v. Ensminger, Tex.Civ.App., 103 S.W.2d 162; Polk v. Holland Texas Hypotheek Bank, Tex.Civ.App., 66 S.W.2d 1112; Boddy v. Petro, Tex.Civ.App., 260 S.W. 675; King v. Roberts, 125 Tex. 623, 84 S.W.2d 718.

 Both of these definitions as given by the court contain in them the common element of "reasonable anticipation," as heretofore noted as to one of them; moreover, the bill of exceptions brought up as affecting the argument thus complained of contains this qualification by the trial judge: "All of the objections and motions were made by defendant's counsel without interrupting plaintiff's attorney, and without notice to him."

Consequently this became a part of the bill itself. Houston Electric Co. v. Potter, Tex.Civ.App., 51 S.W.2d 754.

 While doubting whether such claim of error has been properly presented here, it is vel non concluded that, since the gist of the quoted address, when viewed as a whole, merely constituted a contention that the negligence of the appellant had been the sole cause of the appellee's injury, it is not thought to have been of that type that should call for a reversal of the judgment, especially since it did not appear to have drawn illegitimate inferences from the evidence, nor to have asserted facts not in proof, nor even to have argued questions clearly outside of the issues. Corn v. Crosby County Cattle Co., Tex.Com.App., 25 S. W.2d 290; Moore v. Moore, 73 Tex. 382, 11 S.W. 396.

Further discussion being deemed unnecessary, an affirmance will be entered.

Affirmed.

PLEASANTS, C. J., absent.