### WESTERN DEVELOPMENT CORPORATION v. SIMMONS.

#### No. 3786.

Court of Civil Appeals of Texas. El Paso.

Jan. 19, 1939.

Rehearing Denied Feb. 9, 1939.

G. Lorimer Brown, of Harlingen, for appellant.

Carter & Stiernberg, of Harlingen, for appellee.

NEALON, Chief Justice.

In this case appellee, who was plaintiff below, recovered of appellant, which was defendant below, on account of injuries to appellee's wife and to the automobile she was driving when she was injured. Mrs. Simmons was alone driving an Ford Sedan upon Jackson Street, the main business street of the City of Harlingen, at about 5:45 A. M., on December 31, 1937, in order to drive her husband home when he should cease his work at 6 A. M. It was still dark and the visibility was further limited by a heavy fog. One of appellant's employees, while acting within the scope of his employment, had parked a truck belonging to appellant near the center of Jackson Street, but closer to the north side of the street than to the south side thereof. He left the truck parked without any rear lights burning to warn motorists of its presence. Mrs. Simmons failed to see the truck until it was revealed by the headlights of her own automobile, at which time, she testified, she did not have time to stop her car or to avoid hitting the truck by going to the right of it, the lane between it and other parked cars being very narrow. As a result appellee's car was damaged and Mrs. Simmons suffered severe personal injuries. There was in effect at the time an ordinance of the City of Harlingen containing the following provisions:

"Rule 36: It shall be unlawful to leave any vehicle standing in a street or alley at night without a light or lights so displayed as to be visible for at least two hundred feet distant, from the rear.

"Rule 38: Vehicles used for the purpose of delivery may be parked in the middle of the street for the purpose of delivery but shall not be so parked for a longer period than fifteen minutes at any period of one hour in any one block."

In response to special issues the jury found that the act of defendant's employee in parking the truck near the center of Jackson Street constituted negligence that was a proximate cause of the collision; that the parking of the truck and leaving the same standing without tail lights burning constituted negligence which was a proximate cause of the collision; that the truck was parked closer to the north side of the street than to the south side, and that the act of defendant's servant in so parking it was negligence and was a proximate cause of the collision; that the truck was parked so that there was not enough room left on the north side of the street for motorists to "negotiate" a passage without endangering their lives and property, and that such parking was negligence and a proximate cause of the collision; that Mrs. Simmons maintained a proper lookout for her own safety and no failure to maintain the same was a proximate cause of the collision, and that at and immediately prior to the time of the accident she was not driving at a rate of speed in excess of that at which an ordinarily prudent person would have driven under the same or similar circumstances, nor was the rate of speed at which she was driving a proximate cause of the collision; that Mrs. Simmons was not operating plaintiff's automobile at a rate of speed in excess of that at which she could bring her automobile to a stop within the range of vision illuminated by her own lights; that at and immediately prior to the time of the collision she did not have sufficient control of the automobile to stop it within the area lighted by her own lights, but that said lack of control was not a proximate cause of the collision. Upon the findings made by the jury the court entered judgment for the amount of damages assessed by the jury, and from that judgment defendant appeals.

Opinion

As pertinent to various assignments of error appellant submits two propositions which are so interrelated in substance that we will consider them together.

By its first proposition appellant urges that it is the duty of an automobile driver at night to keep such an outlook ahead that he will see an obstruction or condition in the highway as soon as it is illuminated by his own lights, even though such obstruction or condition is itself unlighted, and that it is his further duty to keep his own car under such control that it may be stopped within the area lighted by his own lights, and that, as plaintiff's wife testified that her vision was limited to ten feet and she admitted that she saw appellant's truck as soon as her limited vision would permit and that it was then impossible for her to stop in time to keep from colliding with the truck, and that she did not have sufficient

space to turn either to the right or left to avoid the truck, and the jury having found that she did not have sufficient control to stop her car within the area lighted by her own lights, she was as a matter of law guilty of contributory negligence barring any recovery. The second proposition is that in the situation described the jury's finding in response to Special Issue No. 12 that Mrs. Simmons' lack of control was not a proximate cause of the collision and injury was an attempt to find upon a pure question of law and should be disregarded as contrary to the undisputed facts, or that it was contrary to the overwhelming weight of the evidence. In its brief defendant prays that judgment be reversed and rendered.

The evidence of Mrs. Simmons was substantially as follows: "There was a heavy fog—you could hardly see anything; as I approached First Street (which was just a short distance east of where the collision occurred) I looked each way to see if there was any car coming and slowed down my car; then I started on and the fog was so thick the first thing I saw of the truck, it was just a large bulk in front of me and I thought it was slightly moving. I saw no tail light. I could have seen a tail light if there had been one burning. I was about the length of a car from the truck which was parked nearer to the righthand side and the passage way left by which I might miss it was very narrow. The body of the truck was wide. I think I put on my brakes, but I was so scared when I saw the truck loom up in front of me I don't know what I did." Upon cross-examination she testified that she had been driving a car about eight years; that the headlights upon her car were burning and were in good condition; that she could see approximately a carlength ahead of her and first saw the truck at about that distance; that she believed she saw the truck as quickly as she could in view of the fog that obtained that morning; she saw the cars were parked on the righthand side of the street, but the passage between the cars and truck was very narrow on that side; she did not look to the lefthand side; she did not have space to pass when she saw the truck, she was so close to it she couldn't make the narrow passage; she couldn't avoid hitting the truck; she thought if she had put her brakes on when she first saw the truck she could not have stopped in time to keep from hitting it; she was positive that lights were not burning on the truck.

■ It will be observed that there is no testimony as to the length of appellee's car and that the reference to her ability to stop it before striking the truck was but an opinion. When the jury's findings are construed in connection with the evidence their meaning is clear; her speed did not prevent her from stopping the car within the area illuminated by her car's lights, but she did not have sufficient control of the car at and immediately before the accident to make such a stop. The findings do not indicate just when she lost control, but a reasonable inference from the evidence is that the suddenness with which her danger was revealed to her threw Mrs. Simmons into such a state of panic that she lost control of her car. The finding was merely that she did not have control "at and immediately prior to the accident." We do not think the court erred in holding, if the occasion of her loss of control was the sudden appearance of the truck which defendant had wrongfully left without lights, she should not be charged with contributory negligence as a matter of law. There was sufficient to indicate that such a state of mind was an instinctive reaction to the situation created by defendant's negligent act. Galveston, H. & S. A. Ry. Co. v. Zantzinger, 92 Tex. 365, 48 S.W. 563, 44 L.R.A. 553, 71 Am.St.Rep. 859; Beck v. Browning, 129 Tex. 7, 101 S. W.2d 545.

■ While appellant submits an impressive array of authorities drawn from various jurisdictions holding that contributory negligence barring recovery is present when one drives an automobile at such speed that it may not be stopped within the distance that objects can be seen ahead of it at a time when the driver's vision is limited or impaired by reason of darkness, fog, or other atmospheric condition or the presence of smoke, or by blinding headlights, it is also true that there are numerous equally respectable authorities holding that in such cases the question of proximate cause is for the jury. See Castille v. Richard, 157 La. 274, 102 So. 398, 37 A.L.R. 586, et seq., and Peasley v. White, 129 Me. 450, 152 A. 530, 73 A.L.R. 1020, et seq. The rule that the question of proximate cause is for the jury prevails in Texas, and we would be out of harmony with the trend of judicial decision in this State and, as we construe them, with the pronouncements of our own Supreme Court, if we should hold that, as a matter of law, Mrs. Simmons was required to foresee that her roadway would be obstructed

by one or more trucks or other vehicles parked therein without lights and in violation of law, or by any similar obstruction which would produce results like unto those that caused her injuries. Tarry Warehouse & Storage Co. v. Duvall, Tex.Sup., 115 S. W.2d 401, reversing, Tex.Civ.App., 94 S.W. 2d 1249; Ambercrombie Co. v. Delcomyn, Tex.Civ.App., 116 S.W.2d 1105; Melton v. Manning, Tex.Civ.App., 216 S.W. 488; Swiff v. Michaelis, Tex.Civ.App., 110 S.W. 2d 933; citing Pennington Produce Co. v. Wonn, Tex.Civ.App., 49 S.W.2d 482. Swiff v. Michaelis, supra, is directly in point.

We find no reversible error. The judgment of the District Court is affirmed.