**GULF BREWING CO. v. GOODWIN.**

**No. 10918.**

Court of Civil Appeals of Texas. Galveston.

Dec. 21, 1939.

Rehearing Denied Jan. 18, 1940.

Sewell, Taylor, Morris & Connally, R. C. Sewell, and Ben Connally, all of Houston, for appellant.

King, Cox & Rowe and Burris & Benton, all of Houston (Earl Cox, of Houston, of counsel), for appellee.

GRAVES, Justice.

This statement from the able brief for appellant, with the deletions of only a few disputed details, has been adopted by the appellee as being substantially correct:

"This suit was instituted by the plaintiff, Edward Lee Goodwin, in the District Court of Harris County, Texas, against the Gulf Brewing Company, a corporation, to recover damages for personal injuries sustained by him in a collision between the auto which he was driving and the second of a chain of two trucks, which allegedly were owned and operated by the defendant. * * *

"The undisputed evidence showed that the collision occurred at approximately 9:45 p. m. on the night of November 16, 1935, in the City of Houston. The plaintiff was alone in his car, a small 1933 model Willys coupe, and was proceeding in a westerly direction on Preston Avenue. At the same moment two trucks of the Gulf Brewing Company were proceeding south on Austin Street near the intersection of Preston and Austin. The second truck was disabled as the result of motor trouble and was being towed to the defendant's garage by the first truck. Truck No. 2 was attached to truck

No. 1 by a chain * * *. Truck No. 1 was operated by driver, J. K. Turnage. Truck No. 2 was being steered by driver, Cecil Harrison. Both trucks were painted white. The first was a stake-body truck. The second was a van-type truck with a large refrigerator body painted white in its entirety, save for the name 'Grand Prize', appearing on the side thereof in colored letters.

"* * * A street light located directly overhead was burning, and two filling stations, occupying the northeast and the northwest corners of the intersection, * * *. The trucks entered the intersection first, and truck No. 1 had passed on across the intersection and No. 2 was in the intersection when the plaintiff (coming from the left of the two trucks) ran into the left rear wheel of the second truck, causing the collision in question and serious injuries to plaintiff.

"The plaintiff alleged numerous grounds of negligence on the part of the defendant, through its agents and employees, the truck drivers in question, including allegations of negligence in respect to the length of its chain, failing to have lights facing to the sides of each truck, as well as failing to have proper headlights and taillights, in choosing the particular route taken by the drivers to reach the defendant's garage, in failing to have a permit from the chief of police for towing such vehicle, and in other respects. No complaint was made anywhere in plaintiff's amended pleadings as to the speed at which the trucks were being operated, and no allegation of negligence was based thereon. * * *

"The defendant replied with a general denial and allegations of contributory negligence on the part of the plaintiff in failing to keep a proper lookout, in driving at an unreasonable and reckless rate of speed, in exceeding the speed limit of twenty miles per hour, as imposed by the city ordinance and state statutes, in failing to drive on the right-hand side of Preston Avenue in the direction in which he was proceeding, in failing to drive behind the truck with which he collided, and in other respects.

"The case was submitted to the jury on thirty-four special issues, each of which was answered favorably to the plaintiff. The jury found that the defendant was guilty of negligence in each of the following particulars:

"(a) In failing to have the lights with which truck No. 2 was equipped burning.

"(b) In failing to have lights on the sides of truck No. 2.

"(c) In failing to have a light or flag on the chain connecting the trucks.

"(d) In failing to keep a proper lookout (by the driver of truck No. 1).

"(e) In failing to blow the horn on truck No. 1.

"(f) In attempting to tow the disabled truck through the streets of the City of Houston after nightfall.

"The jury likewise found that each of such acts of negligence was a proximate cause of the collision.

"The jury further found in favor of the plaintiff on each of the defensive issues of contributory negligence in the following particulars:

"(a) That the plaintiff was not operating his automobile at a rate of speed in excess of twenty miles per hour.

"(b) That the plaintiff did not fail to operate his car on the right-hand side of Preston Avenue.

"(c) That it was not negligence on the part of the plaintiff to fail to drive his automobile in such manner as to pass to the rear of truck No. 2.

"(d) That plaintiff was not operating his car at an unreasonable or reckless rate of speed.

"(e) That plaintiff did not fail to have his automobile under reasonable control.

"(f) That the plaintiff did not fail to keep a reasonable lookout as he entered the intersection.

"The jury further found that the collision was not the result of an unavoidable accident, and found damages in the total sum of $15,452.00 (including $1,452.00 doctors' and hospital bills), for which amount the court entered judgment in plaintiff's favor against defendant; * * *.

"* * * appellant intends to present to the court only one basic proposition, to the effect that the plaintiff was guilty of contributory negligence as a matter of law, in driving his car in excess of twenty miles per hour and in failing to keep a proper lookout, which proximately caused the collision and his resulting injuries, under the undisputed facts as to the manner in which the collision occurred; that the answers of the jury to such issues were not supported by the evidence, and that the trial court should never have submitted this case to the jury, or should have granted the ap-

pellant's motion for judgment notwithstanding the verdict or appellant's motion for new trial."

True to the presage of its final quoted-statement, appellant only assails the jury's findings under issues 18 and 31, submitting the excess over 20 miles per hour in speed and the keeping of a reasonable lookout, issues upon the appellee's part, first, as being without any evidence to support them, and subsidiarily, as being so against the overwhelming weight of all the evidence as to be clearly wrong; in doing so, it further concedes the sufficiency of the evidence to support all the given findings of negligence upon its own part, so that the decks are stripped down to the single basic presentment it so announced its reliance upon.

The two main postulates upon which this appeal is thus rested are that: (1) "the appellee was not entitled to recover by reason of his unexplained and inexcusable failure to look and see the second truck from the light of his own headlights and other lights surrounding the intersection"; (2) "there was no competent evidence whatsoever in the record that the appellee was going less than 20 miles per hour immediately before the collision, or, if there was any evidence, it was so meager as to be inadequate, hence the jury's answer that he was not driving in excess of 20 miles per hour should have been set aside."

In support of these presentments, after a very able and exhaustive review of the evidence deemed to support them, these main authorities are cited as determining the law thereon in appellant's favor; Blakesley v. Kircher, Tex.Com.App., 41 S.W.2d 53; Cisco & N. E. R. Co. v. McCharen, Tex.Civ. App., 118 S.W.2d 844; Edmiston v. Texas & N. O. R. Co., Tex.Civ.App., 111 S.W.2d 848; Jones v. Sunshine Grocery & Market Co., Tex.Civ.App., 236 S.W. 614; Kypfer v. Texas & P. R. Co., Tex.Civ.App., 88 S. W.2d 528; Robinson v. Houston Belt & Terminal R. Co., Tex.Civ.App., 23 S.W.2d 894; Schawe v. Leyendecker, Tex.Civ.App., 269 S.W. 864; Standard Paving Co. v. Webb, Tex.Civ.App., 118 S.W.2d 456; Texas & N. O. R. Co. v. Adams, Tex.Civ. App., 27 S.W.2d 331; Texas & N. O. R. Co. v. Beard, Tex.Civ.App., 91 S.W.2d 1080; Texas & N. O. R. Co. v. Stratton, Tex.Civ.App., 74 S.W.2d 741; Texas-Mexican R. Co. v. Hoy, Tex.Com.App., 24 S.W.2d 18; Thompson v. St. Louis S. W. R. Co. of Texas, Tex.Civ.App., 55 S.W.2d 1084;

Wichita Valley R. Co. v. Fite, Tex.Civ. App., 78 S.W.2d 714.

While it is not the duty of this tribunal, in passing upon the sufficiency of the evidence to support a jury-verdict, to reiterate in detail, or to essay a comprehensive resume of the testimony upon which its resolving of the question is rested, it is its duty to make a careful review of the entire record on that phase of the cause as presented to it, which has been faithfully done in this instance; from such a study of the statement of facts brought before it, this court finds that appellant has seen through a glass darkly the effect and purport of the testimony as a whole underlying the two fact-findings it attacks, and that, contrary to its appraisal thereof, there was not only sufficient support for both these findings, but, further, that neither was so against the great weight of the testimony as to be clearly wrong.

Indeed, this court, as a result of such examination, is impelled to accept instead this very accurate and comprehensive summary of what the evidence reflects upon these two disputed features presented in the opposing brief for the appellee, to-wit:

"There being testimony in this cause that at the time of the accident complained of the appellant-company, through its agents, was engaged in towing through the streets of Houston in the night-time a large truck, with no lights of any kind burning thereon, such truck then being pulled along by another large truck in front of it with all lights thereon burning, the trucks being connected with a tow-chain, and there being a distance of ten feet from the rear of the lighted truck to the front of the unlighted truck; and there being testimony that the lighted truck was pulling the unlighted truck in a southerly direction on Austin Street and across the intersection of Preston Avenue with Austin Street, at a speed of ten or twelve miles per hour (approximately fifteen to eighteen feet a second), and there being testimony that the over-all length of the two trucks and the chain connecting them was as much or more than the entire width of the streets they were crossing; and there being testimony that the appellee was driving his automobile in a westerly direction on Preston Avenue at a moderate rate of speed and not in ex-

cess of twenty miles per hour, and saw the lighted-truck pass into the intersection before him, but did not see the unlighted-truck being towed across the intersection until he was right upon it and too late to avoid colliding with it; and there being testimony by others who were actual eye-witnesses to the accident that they, too, saw the lighted-truck pass into the intersection before the collision but did not see the unlighted-truck being towed into the intersection until the collision took place; and there being testimony that there was a street-light hanging at the northwest corner of the intersection, and a light in a filling-station on the same corner, as well as a light in a filling-station on the northeast corner, but no testimony as to how much illumination of the intersection was furnished by these lights, or that the intersection was completely lighted; the questions, (1) of whether the appellee was guilty of contributory negligence in operating his automobile at a speed in excess of twenty miles per hour prior to the collision, and (2) of whether he failed to keep a reasonable lookout, were ones of fact for the determination of the jury; and the findings of the jury that the appellee was not guilty of contributory negligence in either of the particulars mentioned are sufficiently supported by the evidence."

Were this court to undertake a first-hand restatement of the fair and controlling effect of the whole body of the evidence upon those two details, it could not hope to improve upon the quoted statement.

Further, such being the finding as to the evidence that is hereby expressly made that of this court, it is thought to be controlled in its legal reaches, with the result of requiring the upholding of the trial court's judgment, by these authorities: J. S. Abercrombie Co. v. Delcomyn, Tex.Civ. App., 116 S.W.2d 1105; Ferrell v. Beaumont Traction Co., Tex.Com.App., 235 S. W. 531; Pennington Produce Co. v. Wonn, Tex.Civ.App., 49 S.W.2d 482; Swiff v. Michaelis, Tex.Civ.App., 110 S.W.2d 933; Western Development Corp. v. Simmons, Tex.Civ.App., 124 S.W.2d 414.

It is this court's conclusion that this record does not show that this appellee "voluntarily exposed himself to a known danger", or that there was presented to him a dangerous situation that was open and apparent, which he could not have failed to both see and realize, if he had been keeping a lookout—one or the other of which situations seems to have been requisite under appellant's cited authorities, to hold him guilty of contributory negligence as a matter of law; but that, on the contrary, it clearly reflects the entirely dissimilar condition in composite effect that is so clearly stated in the quoted resume of all the testimony from appellee's brief.

Wherefore, since the correctness of this judgment depends upon which of the two states of fact thus severally relied upon by the parties existed, and since in the exercise of its province this court must find thereon as indicated supra, further discussion would seem to be a work of supererogation.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.

### On Appellant's Motion for Rehearing.

The expression in our former opinion that the appellant "further concedes the sufficiency of the evidence to support all the given findings of negligence upon its own part," was erroneous and should have been to the effect that it only conceded the sufficiency of the evidence to support the jury's finding that truck No. 2 was not lighted. The correction is accordingly made with pleasure, on reminder from appellant's counsel.

The motion has been carefully considered—especially insofar as it attacks the findings of fact made by this Court upon original hearing as not being supported by the evidence, but, with all due deference to the appellant, it does not specifically point out any material respect in which there was an overstatement; neither has this court on a review of its former findings found them so lacking; they must accordingly be reiterated as reflecting the substantial facts developed upon the trial below.

Under the conclusion that the cause was correctly decided on original hearing, the motion will be overruled.

Refused.